Nov. Term,
1855.

THE STATE
v.
JACKSON.

---

THE STATE *v.* JACKSON and Another.

Prosecution by the state, on the complaint of *A.*, against *B.* and *C.*, for malicious trespass. The affidavit charged that the defendants unlawfully, maliciously, &c., injured, and caused to be injured, the personal goods and chattels, to-wit, fifty head of cattle, of the value, &c., at, &c., by then and there maliciously, &c., dogging and hunting said cattle, whereby he, *A.*, sustained damage to the amount of, &c. The complaint conformed to the affidavit.

*Held,* that the affidavit and complaint were bad for not alleging the ownership of the cattle directly.

*Held,* also, that the nature of the injury should have been stated more specifically.

Friday,
December 14.

APPEAL from the *White* Court of Common Pleas.

STUART, J.—The affidavit and complaint charge the defendants with malicious trespass. Motion to quash sustained. The state appeals.

The affidavit charges that the defendants unlawfully, maliciously and mischievously injured and caused to be injured the personal goods and chattels, to-wit, fifty head of cattle, of the value of 660 dollars, at, &c., by then and there maliciously and mischievously dogging and hunting said cattle; whereby he, *Snodgrass,* sustained damage to the amount of 100 dollars.

The complaint conforms to the affidavit.

The ownership of the cattle is not directly averred. Their number and value is set out; but it can only be deduced by way of inference that they were the personal goods and chattels of *Snodgrass,* because the damage is

alleged to have been done to him.  But this is not suffi-   <span style="font-style:italic">Nov. Term,</span>
cient.  The ownership of the property injured must be        <u>1855.</u>
directly alleged.                                           Evans
                                                              v.
There are some instances, too, where it is not sufficient,  The State.
in a criminal proceeding, to pursue the language of the
statute creating the offence.  This is perhaps one of them.
The nature of the injury should have been more speci-
fically stated.  *Smith* v. *Aydelott*, 7 Blackf. 157.

The motion to quash was correctly sustained.

*Per Curiam.*—The judgment is affirmed.

*L. Reilly*, for the state.

*W. Potter*, for the appellees.