# Grattan *v.* The State.

*Indictment for Unlawfully and Knowingly Buying Cotton in the Seed, under Act of the Legislature, approved February 1st, 1879.*

1. *Indictment; exceptions created by a proviso to an act need not be negatived.*—Where a proviso or exception is embodied in a separate clause of a penal statute, and not in the clause creating the offense, it is not necessary that an indictment founded on the statute should negative the proviso or exception.

2. *Same; when indictment in language of the statute insufficient.* While the general rule is, that where a new offense is created by statute, an indictment describing the offense in the language of the statute, or in words conveying the same meaning, is good, this is not sufficient, if such indictment fails to allege the fact, "in the doing or not doing of which the offense consists."

3. *Indictment under act prohibiting the sale, etc., of cotton in Lowndes and other counties; what it should aver.*—An indictment under the act approved February 1st, 1879 (Pamph. Acts, 1878–9, p. 216), charging the defendant with unlawfully and knowingly buying cotton in the seed in Lowndes county, one of the counties named in the act, should allege either the name of the owner of the cotton purchased, or the name of the person from whom the purchase was made. Either averment would be sufficient to obviate any objection based upon a want of certainty in the statement of the offense.

4. *Same; when insufficient.*—Hence, an indictment in such case, which alleges neither the name of the owner of the cotton, nor the name of the person from whom it was purchased, is fatally defective.

APPEAL from Lowndes Circuit Court.

Tried before Hon. JOHN MOORE.

COOK & ENOCHS, for appellant, cited §§ 4785, 4789 and 4790 of the Code of 1876; Acts of 1878–9, p. 206; *Turnipseed v. The State,* 6 Ala. 664; *Williams v. The State,* 15 Ala. 259; *Beasley v. The State,* 18 Ala. 535; *Anthony v. The State,* 29 Ala. 27; 45 Ala. 86; 17 Ala. 181; 19 Ala. 586; 21 Ala. 218.

H. C. TOMPKINS, Attorney-General, for the State, cited Acts 1878–9, pp. 206–7; 1 Brick. Dig. p. 501, §§ 760–1; *Ib.* p. 499, §734; *Murphy v. The State,* 6 Ala. 845; *People v. Caswell,* 21 Wend. 86; *Commonwealth v. Slate,* 11 Gray, 60; *State*

*v. Smith*, 37 Mo. 58 ; *Rex v. Wheeler*, 7 C. & P. 170 ; 2 Whart. Crim. Law, § 1499.

SOMERVILLE, J.—The indictment charges that the defendant did "unlawfully and knowingly *buy cotton in the seed*, which was produced in Lowndes county." It is found under the act approved February 1, 1879, prohibiting, in certain cases, the sale, exchange and transportation of cotton in Lowndes and other specified counties.—Acts 1878–9, p. 206.

There is also a count in the indictment specially averring that the case does not fall within the class of cases contained within the proviso, or exception to the statute. This, however, was unnecessary, being a mere matter of defense, which the prosecutor is not required to negative by way of anticipation. If the act charged as a violation of the statute comes within the influence of the *proviso*, this would constitute a defense more properly coming from the defendant.—1 Whart. Cr. Law, § 378 ; 1 Arch. Cr. Pl. 86 ; 1 Bish. Cr. Proc. § 513. This is the settled rule where a proviso or exception is embodied in a separate clause of the statute, and not in the same clause with that creating the offense.—*Clark v. State*, 19 Ala. 552 ; 1 Brick. Dig. p. 499, § 739. And such is this case.

It is insisted that the indictment is objectionable on the ground of uncertainty, in failing to aver the *person* from whom the cotton was purchased.

The general rule is, that when a new offense is created by statute, if the offense is described in the language of the statute, or words conveying the same meaning, this is deemed sufficient.—*Clark v. State*, 19 Ala. 552 ; Code, 1876, § 4792 ; 1 Bish. Cr. Proc. § 595 ; *Sparrenberger's case*, 53 Ala. 481. But it is not always sufficient to pursue the words of the statute, "unless by doing so you fully, directly and expressly allege the fact, in the doing or not doing of which the offense consists."—*Turnipseed v. State*, 6 Ala. 664 ; *State v Brown*, 4 Port. 413 ; 1 Bish. Cr. Proc. § 612 ; *Carter v. State*, 55 Ala. 181 ; *Quinn v. State*, 9 Amer. Rep. 754.

The objection urged goes to the degree of certainty or particularity with which the offense is stated. The statute requires that every indictment "must state *the facts constituting the offense*, in ordinary and concise language, without prolixity or repetition, in such manner as to enable a person of common understanding to *know what is intended*, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force and arms,' or ' contrary to the form of the statute,' necessary."—Code, 1875, § 4784. This does not differ essentially from the ingredients of an indictment suggested by Lord HALE,

[Grattan v. The State.]

which, he said, should be "a plain, brief and certain narrative of an offense committed by any person, and of those *necessary circumstances that concur to ascertain the fact and its nature.*" 2 Hale, P. C. 169. The purpose of our legislation has been to sweep away those rigid and narrow rules of construction prevailing at the common law, which are known to have rendered, by reason of their technicality, the adoption of this liberal canon of Lord Hale impossible.—Roscoe's Cr. Ev. \*79–80. It is, however, a constitutional requirement that in all criminal prosecutions the accused has a right "to demand the nature and cause of the accusation [and] to have a copy thereof." Const. 1875, Decl. Rights, Art. 1, § 7. This, as observed by Mr. Greenleaf, is "the dictate of natural justice as well as a doctrine of common law."—3 Greenl. Ev. § 10. It is generally conceded that the chief purposes of this provision were, 1st, to *identify* the charge, lest the grand jury should find a bill for *one offense,* and the defendant be *tried for another;* 2d, to enable the defendant to *prepare for his defense* in particular cases; 3d, that the judgment may enure to his subsequent protection, and to this end enable him to plead former conviction or acquittal of the *same offense.* The force of this reason, however, is lessened by the general practice admitting extrinsic evidence to identify the charge, on the interposition of the pleas of *autrefois convict* or *acquit.* And 4th, to enable the court, after conviction, to pronounce judgment on the record.—1 Bish. Cr. Proc. §§ 507, 576; 1 Stark. Cr. Pl. 68; Clark's Man. Cr. Law, §2175, *et seq;* 3 Greenl. Ev. § 10. It is conceded that the statute has, in many cases, dispensed with that particularity and certainty required at common law in the statement of offenses by indictment; and the liberal forms prescribed in our Code have generally been held not to infringe upon the intent and spirit of the above constitutional provision.—*Noles v. The State,* 24 Ala. 672; *Burdine v. The State,* 25 Ala. 60; *Smith v. The State,* 63 Ala. 55; *Block v. The State,* 66 Ala. 493. In *Smith's case, supra,* it was said that "the only safe rule is to require that, when the indictment is *not framed on any form* given in the Code, it shall aver *every material constituent of the offense;* always excepting the statement of *venue* and *time.*"—Code, 1876, §§ 4787–8. But *time* must be averred when it constitutes a material ingredient of the offense.—Code, § 4788.

In cases where the statute makes it an indictable offense for any person to dispose of, or *sell* any particular kind of article, commodity, or merchandise, it has generally been held that the more judicious course is for the indictment to specify the *vendee,* or person *to whom* the sale is made; or else to aver that he is unknown. Such, for example, seems to be the uniform holding of the courts as to indictments for the illegal sale of lottery

⌊Grattan v. The State.⌋

tickets, made in violation of statutes prohibiting such sales. Wharton's Precedents, 828, 844; *People v. Taylor*, 3 Denio, 99; *State v. Munger*, 15 Vt. 290; *State v. Stucky*, 2 Blackf. p. 289; *Commonwealth v. Thurlow*, 24 Pick. 374. So in the case of statutes prohibiting the retailing of liquors, where no form is prescribed by the legislature, as done in this State, the sounder view is that the indictment should state the *purchaser*, or allege that his name is unknown.—1 Bish. Cr. Proc. § 548; 3 Whart. Cr. Law, § 2443. Under the provisions of section 4352 of the Code, making it an offense for any person to make a fraudulent conveyance of his property, the form specified in the Code requires the statement of the name of the vendee, or party to whom the conveyance is made.—Code, 1876, p. 995; Form No. 36.

This class of cases, however, can not strictly be considered analogous to the one in hand. They all embrace the *sale* of property by a defendant, which is presumptively his own and not another's. An averment of *ownership* would, therefore, furnish no aid to identification, and hence the necessity of averring the *purchaser*, to obviate the objection of vagueness and uncertainty in the statement of the particular offense.

The present indictment is for an illegal *purchase* by the defendant of property belonging to another. It is more analogous to the crime of receiving stolen goods, an indictment for which, at common law, was not required to specify the *name of the thief*, from whom the defendant received the goods, although required to state *the owner* of such goods, or that his name was unknown. Roscoe's Cr. Ev. 804; *Murphy v. State*, 6 Ala. 845; *Com. v. Slate*, 11 Gray, 60; *State v. Smith*, 37 Mo. 58; Arch. Cr. Pl. 256. So in *Clark v. The State*, 19 Ala. 552, which was an indictment for permitting a gaming table to be exhibited and carried on in a house occupied by the defendant, it was held unnecessary to allege the name of the person by whom the table was exhibited, or that his name was unknown.

In our judgment, the *ownership* of the cotton alleged to have been purchased by the defendant should have been averred, or else the *person from whom* the purchase was made should have been stated.

With respect to ownership, it was the settled rule of the common law that "the name of the owner of the property, in relation to which the offense is committed, should be truly stated in the indictment."—1 Stark. Cr. Pl. 182, 207; 1 Bish. Cr. Proc. § 583. Such seems also to be the statutory rule, and certainly the established practice as to crimes generally, involving injuries to property.—Code, 1876, §§ 4800, 4824, p. 992; Form 12, p. 995; Forms 33, 34, 37, *et seq.;* 1 Bish. Cr.

[Russell v. The State.]

Proc. §§ 569, 583; *Rex v. Patrick*, 1 Leach, 287. An averment of ownership, in our judgment, is just as essential to certainty in this case, as in that of receiving stolen goods, burglary, arson, or larceny. A just regard for the analogies of the law of pleading, in the absence from the Code of a special form, therefore, requires it; *or else* there should have been an averment of the name of the person from whom the commodity was purchased. *Either* would be sufficient to obviate any objection based upon a want of certainty in the statement of the offense charged in the indictment.—Code, § 4824; 1 Bish. Cr. Proc. §§ 581, 583; Code, 1876, p. 995, Form 36.

The judgment of the Circuit Court is reversed and the cause remanded for a new trial. The prisoner will, in the meanwhile, be retained in custody until discharged by due course of law.