## Russell *v.* The State.

*Indictment for Trading in Farm Products between Sunset and Sunrise.*

1. *Sufficiency of indictment; several offenses stated disjunctively in same count.*—It is no ground of objection to an indictment found under section 4369 of the Code of 1876, as amended (Pamph. Acts, 1878-9, p. 63), prohibiting the trading in designated farm products between sunset and sunrise, that the several offenses denounced by the statute are stated in the same count disjunctively, or in the alternative; being of the same character, and subject to the same punishment, they may be, under the express provisions of the Code (§ 4798), joined in the same count.

2. *Indictment for trading in farm products between sunset and sunrise; necessary averments of.*—An indictment under this statute, which charges that the defendant " did buy, sell, receive, barter, or dispose of " a designated quantity of seed cotton " after the hour of sunset and before the hour of sunrise of the next succeeding day against," etc., is fatally defective in failing to aver the name of the person to whom the defendant *sold, bartered* or *disposed of* the cotton; and also in failing to aver the *ownership* of the cotton *bought* or *received*, or the name of the person from whom it was *bought* or *received*, or that the names of such persons were to the grand jury unknown.

3. *Instructions by principal to agent to buy farm products; presumption in reference to; act and declaration of agent as evidence against principal.* Where an agent is instructed to buy for his principal farm products, trading in which between sunset and sunrise is prohibited, the law presumes, in the absence of proof to the contrary, that the instructions were to buy at a time not prohibited by the statute; and hence, on the trial of the principal, indicted for the act of the agent in buying at a time covered by the statutory prohibition, the fact of the purchase, and the declaration of the agent at the time it was made, that he was buying for the

principal, are not admissible against the defendant, "without bringing home to him the criminal design of the agent."

APPEAL from Barbour Circuit Court.

Tried before Hon. H. D. CLAYTON.

At the fall term, 1882, of said court the indictment in this case was returned by the grand jury, and at the same term the defendant was tried and convicted. The indictment is set out in the opinion.

The act relied on for a conviction was the sale of a stated amount of cotton in the seed, within the hours prohibited by the statute, to one Wiggins, who, as the evidence tended to show, purchased for the defendant, as his agent, and with his money. It was shown that the defendant was not present at the time of the purchase; and it is not shown that he had any knowledge that the purchase was made within the hours prohibited by the statute, or that he had instructed or authorized Wiggins to purchase cotton in the seed *within such hours.* The only agency which the evidence tended to show was merely an agency to purchase cotton in the seed. Exceptions were reserved by the defendant to the rulings of the Circuit Court in allowing the State to prove the fact of the purchase, a declaration made by Wiggins at the time of the purchase, that he was buying for the defendant, and acts and declarations of the defendant, which tended to show Wiggins' agency to purchase for the defendant cotton in the seed.

H. D. CLAYTON, JR., J. M. WHITE, A. H. THOMAS, and D. M. SEALS, for appellants, cited *Galbreath v. Cole,* 61 Ala. 142; *Patterson v. State,* 21 Ala. 571; *Seibert v. State,* 40 Ala. 60; *Nall a. State,* 34 Ala. 262; *Martin & Flinn v. State,* 28 Ala. 71; *Johnson v. State,* 29 Ala. 62; *Grattan v. State, ante,* p. 344

H. C. TOMPKINS, Attorney-General, for the State. (No brief came to the hands of the reporter.)

SOMERVILLE, J.—The indictment charges that the defendant "did *buy, sell, receive, barter, or dispose of* two hundred and ninety pounds of seed cotton, *after the hour of sunset and before the hour of sunrise* of the next succeeding day, against the peace and dignity of the State of Alabama." The offense charged is one violative of section 4369 of the Code, as amended by the act approved February 12, 1879.—Code, 1876, § 4369; Acts 1878–79, p. 63.

It is very clear that the indictment is bad for uncertainty. It is no objection, however, that the several offenses denounced by the statute are stated in the same count disjunctively, or in the alternative. They are of the same character, and subject to the

[Russell v. The State.]

same punishment, and may, therefore, be included in the same count, under the express provisions of the Code.—Code, § 4798; *Noble v. State*, 59 Ala. 73.

Under the authority of *Grattan's case, ante*, p. 344, we hold, that the indictment should have averred the name of the *vendee* of the cotton to whom the defendant *sold, bartered or disposed of it;* and it should have averred, either in the alternative in the same count, or in a different count, at the option of the grand jury, the *ownership* of the property *bought* or *received*, or else the name of the *person from whom* it was *bought* or *received*. Either of the latter averments is clearly sufficient, and both are not required. If these facts were unknown to the grand jury, it should have been so expressly stated. These averments were necessary to obviate the want of certainty in identifying the offense charged, and were exacted by a just regard for the analogies of the law of pleading, as well as of the forms prescribed by the Code for analogous cases.—*Grattan's case, supra;* Code, 1876, § 4824; Form 36, p. 995; Wharton's Prec. 828, 844; 1 Bish. Cr. Proc. §§ 548, 583; 3 Whart. Cr. L. § 2443; *Com. v. Slate*, 11 Gray, 60.

We are of opinion that the various exceptions taken to the admission of evidence should have been sustained. There is no evidence tending to show that George Wiggins *was the authorized agent of the defendant, Russell, to violate the law*. It may be true that Russell conferred on Wiggins authority to purchase cotton in the seed. But this was an act perfectly lawful in itself, and was not a crime unless perpetrated *at a time forbidden by law*—"after the hour of *sunset* and before the hour of *sunrise* of the next succeeding day."—Code, 1876, § 4369. Every agency is presumptively a lawful one. If an agent be instructed to do an act, he must execute his agency in a legal manner, if possible. He possesses no authority to perpetrate a crime in obeying the instructions of his principal. The law presumes, in the absence of proof to the contrary, that Russell's instructions to Wiggins to buy seed cotton, were to buy at a time of the day authorized by law, and not in the night time when it was unlawful. Hence, the declarations of Wiggins, at the time of the purchase, that he was acting as the agent of defendant, were inadmissible, without bringing home to him the criminal design of his agent. And under the same principle, the entire evidence, bearing on the purchase of the cotton made by Wiggins, which was without the authority of the defendant, should have been excluded from the jury. Whart. Cr. Ev. (8th Ed.) §§ 695–96; *Seibert v. State*, 40 Ala. 60; *Nall v. State*, 34 Ala. 262.

The judgment of the Circuit Court must be reversed, and the cause remanded for further proceedings.