# McQueen v. The State.

*Prosecution for Obtaining Money by False Pretenses.*

1. *Obtaining money by false pretenses; failure to perform service for surety in confessed judgment for fine and costs; variance.*—On a prosecution for obtaining money by false pretenses (Code, § 3811), a conviction can not be had on proof of facts showing a failure by defendant to perform labor or service as stipulated for his surety in a judgment confessed for fine and costs (§ 3832); nor is evidence of such facts admissible.

FROM the Circuit Court of Coffee.
Tried before the Hon. JESSE M. CARMICHAEL.

WM. L. MARTIN, Attorney-General, for the State.

[McQueen v. The State.]

SOMERVILLE, J.—The defendant was arrested under a justice's warrant, based on the affidavit of the prosecutor, that he had committed "the offense of obtaining money by *false pretenses*, to-wit, about twenty-five dollars." He was apparently tried on this charge before the County Court of Coffee county, without any other statement of the cause of complaint than that contained in the affidavit and warrant of arrest, and was convicted.—Code, 1886, §§ 4203, 4218, 4231. On appeal to the Circuit Court, he was again tried and convicted, without any change in the form of accusation, as to the sufficiency of which, however, the record fails to disclose any objection.

The charge is manifestly one under the provisions of section 3811 of the Code (1886), which punishes the offense of obtaining property or money by any false pretense or token, when done with intent to injure or defraud, as if the person had stolen it. The whole trial, however, was conducted on the idea, that the charge was one for the violation of section 3832 of the Code, which punishes one who has been convicted of a misdemeanor, for the failure under certain circumstances, and without a good and sufficient excuse, to perform a contract of service with his surety who has confessed judgment for fine and costs in behalf of such convict. This is an offense entirely distinct from the one charged in the affidavit and warrant of arrest.—*Grattan v. The State*, 71 Ala. 344.

The defendant objected to the evidence offered, which tended only to support a charge of violation of section 3832 of the Code—an offense for which the defendant was not legally on trial, and the court erred in not sustaining very many, if not all these objections.

The evidence makes it obvious that the defendant can not be convicted under either of the above sections of the Code, and certainly not of the offense of obtaining money by false pretenses.

The judgment is accordingly reversed, and a judgment rendered in this court discharging the defendant from the present prosecution.