## JOHNSON v. STATE.   (7 Div. 691.)

(Court of Appeals of Alabama.   Feb. 15, 1921.)

1. Malicious mischief &c—1—Depositing of dead animals in well is an offense.

"Malicious mischief" is any malicious or mischievous injury either to the rights of another or the public in general, and is done in a spirit of wanton cruelty or black and diabolical revenge; and hence the depositing of rotten eggs or dead animals in another's well constitutes malicious mischief at common law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Malicious Mischief.]

2. Common law &c—11—Where not affected by statute, common law is in force.

In civil and criminal cases where not affected by statute, the common law in England is, under Code 1907, § 12, in force, so far as is consistent with the spirit of our institutions.

3. Malicious mischief &c—1 — Malice toward owner of property injured is essential.

To constitute malicious mischief at common law, in injuries to property, malice toward the owner or possessor of the property is essential, and must be alleged.

4. Malicious mischief &c—7—Where injury is willful and wanton, malice will ordinarily be presumed.

Where an injury to property is shown to have been willful or wanton malice will generally be presumed.

5. Indictment and information &c—60—Indictment for offense at common law must be good as a common-law indictment.

An indictment for an offense at common law must be good as a common-law indictment.

6. Indictment and information &c—72—At common law indictment should not state offense in disjunctive.

The common-law rule is that an indictment should not state the offense in the disjunctive so as to leave it uncertain as to what is really intended to be relied upon.

7. Indictment and information &c—72—Indictment charging malicious mischief in the disjunctive held insufficient.

An indictment charging that defendant unlawfully and knowingly deposited dead animals, rotten or decayed eggs, and nauseous substances in the well of another, is insufficient to charge the offense of malicious mischief, notwithstanding Code 1907, §§ 7149, 7150, 7151; the offense being stated in the disjunctive.

8. Malicious mischief &c—1—Essential that well in which nauseous substances were placed should have been in use.

To constitute the offense of malicious mischief in placing dead animals or nauseous substances in a well, it is essential that the well should have been in use.

Appeal from Circuit Court, Dekalb County; W. W. Harralson, Judge.

Homer Johnson was convicted of malicious mischief, and he appeals. Reversed and remanded.

Isbell, Scott & Downer, of Ft. Payne, for appellant.

The offense charged is not covered by any statute of the state, and indictment was not good as a common-law indictment. 25 Cyc. 1673, 1678, and cases cited.

J. Q. Smith, Atty. Gen., for the State.

No brief came to the Reporter.

MERRITT, J. The appellant was tried by the court without the intervention of a

jury and was convicted. The indictment contains two counts, the first alleging that the defendant unlawfully, willfully, wantonly, or maliciously deposited rotten eggs or nauseous substance in the well of water of Will Pharr, which well was in use by Will Pharr at the time, and the second count alleges that the defendant "unlawfully and knowingly deposited a dead animal, rotten or decayed eggs or nauseous substance in the well of water of Will Pharr."

Demurrers to the indictment were sustained as to the first count and overruled as to the second. There is no statute upon which this indictment can be founded. The questions then to be determined are whether the charge alleged is an offense at common law, and, if so, is the indictment a good common-law indictment for such an offense. If the allegations of the indictment constitute a public crime under the common law, they must constitute and fall within the terms of what was known under the common law as "malicious mischief."

[1] It is difficult to state with minute precision what is necessary to constitute malicious mischief. Blackstone says:

"Malicious mischief or damage, is the next species of injury to private property which the law considers a public crime. This is such as is done, not animo furandi, or with intent of gaining by another's loss, which is some, though a weak excuse, but either out of a spirit of wanton cruelty, or black and diabolical revenge, in which it bears a near relation to the crime of arson; for as that affects the habitation so this does the property of individuals." State v. Watts, 48 Ark. 56, 2 S. W. 342, 3 Am. St. Rep. 216; 1 Bishop on Criminal Law, §§ 568 and 569.

In 11 Am. & Eng. Enc. of Law, p. 8, it is said:

"Malicious mischief, at common law, is any malicious or mischievous injury either to the rights of another or to those of the public in general."

In 2 Wharton's Criminal Law (8th Ed.) § 1067, it is said:

"This offense includes all malicious physical injuries to the rights of another which impair utility or materially diminish value. Thus it has been considered an offense at common law to maliciously destroy a house belonging to another, or a cow, or a steer; to wantonly kill an animal where the effect is to disturb and molest a family; to maliciously cast the carcass of an animal into a well in daily use; to maliciously poison chickens; to maliciously set fire to a number of barrels of tar belonging to another; to maliciously break up a boat, etc."

In the state of New Hampshire, where an individual was indicted for throwing into a well the carcass of an animal which tainted and corrupted the water, it was holden to be an indictable offense at the common law. State v. Buckman, 8 N. H. 203, 29 Am. Dec. 646.

We are therefore satisfied that the depositing of a dead animal, rotten or decayed eggs, as charged in the indictment, constitutes the offense of malicious mischief, and an offense at common law. Miserable indeed would be the condition of society if such fearful outrages were to be suffered to go unpunished, or left to be redressed only in civil actions for the private and individual wrong.

[2] In civil and criminal cases, where not affected by statute, the common law of England is in force, so far as is consistent with the spirit of our institutions. State v. Cawood, 2 Stew. 360; section 12, Code of Ala. 1907.

[3, 4] To constitute malicious mischief at the common law, in injuries to property, malice toward the owner or possession of the property is essential, and must be alleged; but where the offense is shown to have been willful or wanton, malice will generally be presumed. 11 Am. & Eng. Enc. of Law, pp. 11 and 13.

[5-7] We do not believe, however, that the allegation in the indictment "or nauseous substance" is sufficient to constitute such an offense or any other offense.

The indictment, being for an offense at common law, must be good as a common-law indictment. The common-law rule is that the indictment must not state the offense in the disjunctive, so as to leave it uncertain as to what is really intended to be relied upon as the accusation. Horton v. State, 53 Ala. 488; Barnett v. State, 54 Ala. 579. Of course, this rule is materially modified by our statutes. Sections 7149, 7150 and 7151, Code of Ala. (1907).

[8] We may state that in order to sustain a conviction for this offense, it is necessary to prove that such a well was in use.

The indictment being bad in the manner pointed out, the demurrers thereto should have been sustained, and in overruling them the court committed reversible error.

Reversed and remanded.