180 So. 720

### LASHLEY v. STATE.
### 4 Div. 330.

Court of Appeals of Alabama.
Jan. 18, 1938.
Rehearing Denied Feb. 8, 1938.

See, also, Lashley v. State, 236 Ala. 1, 180 So. 717.

P. B. Traweek, of Elba, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The judgment in this case, from which this appeal was taken, appears from the record to have been rendered in the court below on the 30th day of November, 1936. The appeal was submitted here on November 4, 1937. The case was taken up for consideration by this court on December 13, 1937, and, the writer being impressed by certain of the demurrers which were interposed to the indictment, at the time realizing the importance of the points of decision involved, we deemed it advisable and did certify certain of said questions to the Supreme Court, under the provisions of section 7322, Code of Alabama 1923. The Supreme Court responded to said inquiry on January 11, 1938. 180 So. 717.[1] For the guidance of all concerned, we deem it proper to incorporate in this opinion our certification of the questions to the Supreme Court, and said court's response thereto. These documents are as follows:

"Certification to the Supreme Court.

"There is pending in the Court of Appeals of Alabama an appeal from a judgment of conviction, in the circuit court, upon an indictment in words and figures as follows:

[1] 236 Ala. 1.

" 'The Grand Jury of said County charge that before the finding of this indictment that Barner Lashley, alias Barney Lashley, alias Bernard Lashley, whose name is to the Grand Jury otherwise unknown, who was the driver of a vehicle, to-wit: an automobile, upon a public highway in Coffee County, Alabama, which said automobile was involved in an accident resulting in injury, or death to a person, or damage to property upon a public highway in Coffee County, Alabama, did not give his name and address, and the registration license number of his vehicle, and did not render to any person injured in said accident reasonable assistance, including the carrying of such person injured to a physician or surgeon for medical or surgical treatment, and it was apparent that such treatment was necessary or was requested by such injured person, or did not immediately stop such vehicle at the scene of said accident.

" 'Against the Peace and Dignity of the State of Alabama.'

"Said indictment was drawn under, and as for a violation of section 76 of the High-way Code of the General Acts of Alabama 1927, page 376, which section provides as follows:

" 'Section 76. *Duty to Stop in Event of Accident.*

" '(a) The driver of any vehicle involved in an accident resulting in injury or death to any person or resulting in the damage to property, shall immediately stop such vehicle at the scene of such accident.

" '(b) The driver of any vehicle involved in an accident resulting in injury or death to any person or damage to property shall also give his name and address, and the registration license number of his vehicle and shall render to any person injured in such accident reasonable assistance, including the carrying of such person injured to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by such injured person.

" '(c) Every person convicted of violating this section, relative to the duty to stop in the event of accidents shall be punished by imprisonment in the county or municipal jail for not less than thirty days nor more than one year or in the state prison for not less than one nor more than five years or by fine of not less than one hundred dollars nor more than five thousand dollars or by both such fine and imprisonment.

The court shall revoke the permit or license of the person so convicted.'

"Certain demurrers were interposed to the indictment, supra, in and by which numerous alleged infirmities in the indictment are attacked and insisted upon. We may not advert to each of the insistences raised by demurrer, but confine ourselves, in this inquiry or certification, to the abstract questions: (1) Does the act of the Legislature, supra, contravene section 6 of the Alabama Constitution 1901, in that the defendant is not apprised of the nature or character of the accusation against him, for the reason that he cannot know whether he is charged with a felony or a misdemeanor. (2) Are the prescribed duties of an accused enumerated in subdivision (b) of the statute, supra, made an offense under the provisions of said statute, and is there any punishment provided therein for failure to comply with such duties. Further, if said provisions are made a criminal violation, is it not in conflict with the 'due process' clause in the Constitution of the United States [Amendment 14] and of section 6 of the Constitution of Alabama, 1901.

"The foregoing is certified under provisions of section 7322, Code of Alabama, 1923.

- "This December 13, 1937."

"Response to certified question from the Court of Appeals.

■ "In answer to your inquiry in so far as it relates to section 6 of the Constitution, which requires that in all criminal prosecutions the accused shall have a right to demand the nature and cause of the accusation, we think the indictment is sufficient. It describes the charge. There is no requirement that the indictment shall inform accused whether the charge is a felony or a misdemeanor. But, if it did, still there would be no failure in that respect.

■ "True, the act provides that the punishment shall be either a fine or imprisonment in the county jail or state prison. And true also section 3874, Code, defines a felony as an offense which may be punished by death or by imprisonment in the penitentiary; all other offenses are misdemeanors.

"But 'It is the capacity of an offense to be punished by confinement in the penitentiary and not that such punishment of necessity follows conviction of that crime,' that is the controlling quality of a felony as defined by section 3874, Code. Clifton

v. State, 73 Ala. 473, 475; Turner v. State, 40 Ala. 21; State v. Hall, 24 Ala.App. 336, 134 So. 898.

"So that, if section 6 of the Constitution required information to accused of whether the charge is a misdemeanor or felony, the requirement would be answered here, since the charge is a felony because it may be punished by imprisonment in the penitentiary. So that section 6 is not here violated, for the two reasons (1) it does not require that the accusation be designated as a misdemeanor or felony, but that accused is entitled to the nature and cause of the accusation and a copy of it. (2) If he were entitled to have the charge so described, the indictment here being considered describes a felony.

"The Court of Appeals in the case of State v. Hall, supra, acted upon an indictment not distinguishable in the respect here under consideration, and correctly, we think, held that it charges a felony.

"In answer to your second inquiry, we think that subsection (c), § 76, declaring the existence of the crime (for violating this section relative to the duty to stop in the event of accidents), refers to subsection (b) as well as (a).

"Section 76 has a title showing that its purpose is in respect to the 'duty to stop in event of accident.' Subsections (a) and (b) declare those duties. Subsection (c) fixes a penalty for violating this section relative to the duty to stop in event of accidents; (a) makes it a duty to stop; (b) requires certain conduct after stopping. They both relate to what the section is about—'duty to stop in event of accident.' The penalty should not, we think, be limited to the failure to stop as required by (a), but, also, should include the failure to act as required by (b). It is all one plan, for the breach of any duty so declared, a penalty is prescribed on conviction.

"Inquiry is also made whether the due process clause is not violated by holding that such omission is made a crime. The Legislatures of the several states have the inherent power to prohibit and punish any act as a crime, provided, of course, they do not violate the restrictions of the State and Federal Constitutions; and the courts cannot look further into the propriety of a penal statute than to ascertain whether the Legislature was restricted in its power to so legislate. 16 Corpus Juris 60, § 14.

"Due process does not interfere with the police power of the State to make reasonable traffic and safety or health regulations. No one has a right, to be thus protected, which would exempt him from duties fairly prescribed for those purposes. Powell v. Pennsylvania, 127 U.S. 678, 8 S.Ct. 992, 1257, 32 L.Ed. 253; 29 Corpus Juris 646; State v. Campbell, 21 Ala.App. 303, 107 So. 788.

"In the case of Woods v. State, 15 Ala.App. 251, 73 So. 129, our Court of Appeals considered the validity of similar traffic regulations prescribed by Gen.Acts 1911, p. 645, § 28, and, upon the authority of cases in New York, Missouri, and California held that such requirements do not invade the constitutional right not to be required to give evidence against himself.

"As pointed out in 42 Corpus Juris 640, similar regulations have generally been held to be constitutional. Additional authorities are cited in 42 Corpus Juris 1384, note 18, and in 66 A.L.R. 1234, et seq. These authorities also declare the essentials of the offense. Of course the act must be so interpreted as not to be arbitrary and impossible of reasonable performance. When so interpreted, the authorities seem generally to support the validity of such an act, although it makes a crime out of an omission to perform a required duty.

"So that we answer your inquiry No. 1 by saying that, in our opinion, when an indictment sufficiently charges a breach of duty enjoined by the act which is made a crime, it sufficiently informs the defendant of the nature and cause of the accusation required by section 6, Constitution.

"And as to No. 2, we think that the act means to make it a crime to violate the duty prescribed by subsection (b) of it, when properly interpreted; and that in so holding it does not infringe upon the due process clauses of the State or Federal Constitutions."

As to the points involved, the foregoing "Response to certified questions from the Court of Appeals, by the Supreme Court," is controlling and conclusive by virtue of the statute, supra, therefore the demurrers raising the questions involved, supra, were properly overruled. Said response is incorporated in this opinion for the information and guidance of the bench and bar, as well as for the public generally.

What has been said, however, applies in no manner to certain other grounds of objection to the indictment which were raised by demurrer and to which no reference was had in the certification of the questions, supra, to the Supreme Court.

The demurrers to the effect that the indictment is defective in that it failed to designate or set out the names or identity of the alleged injured parties appear to be well taken. The indictment averred that as a result of the act complained of, injury or death to a person, or damage to property occurred, etc., but failed to name or identify the person injured, or who died, as a result of the accident, nor was there any allegation as to the owner of the property alleged to have been damaged in consequence of the act of the accused. When injury to the person or property of another is the offense charged, a material and essential averment of the indictment is the identity of the person injured, and also the owner of the property alleged to have been damaged. The indictment here, for the reasons stated, was defective and bad, and a conviction upon such an indictment may not be sustained. Morningstar v. State, 52 Ala. 405; Russell v. State, 71 Ala. 348; Grattan v. State, 71 Ala. 344; Langston v. State, 8 Ala.App. 129, 63 So. 38; Crawford v. State, 112 Ala. 1, 21 So. 214; Booker v. State, 24 Ala.App. 179, 132 So. 70; Cooper v. State, 26 Ala.App. 326, 159 So. 370.

In the case of State v. Hall, 24 Ala.App. 336, 134 So. 898, the indictment charged appellee with the violation of the same statute upon which this prosecution was founded, and in said case the indictment as there framed met the approval of this court as to form and substance. It will be noted, however, that the indictment contained in each count the necessary averment as to the name and identity of the alleged injured party, sometimes designated as "third party." As stated, the lack of such averment in the indictment here under consideration rendered the indictment bad. For the error in overruling defendant's specific ground of demurrer in this connection, necessitates the reversal of the judgment of conviction from which this appeal was taken.

There are numerous other insistences of error as to the rulings of the court upon the testimony and otherwise; but, as the case must be reversed upon the point stated, and as no conviction can be rested upon the indictment as framed, there is no necessity to deal with or discuss these numerous questions, and we refrain from so doing.

Reversed and remanded.

