180 So. 724

## LASHLEY v. STATE.

### 4 Div. 12.

Supreme Court of Alabama.
April 21, 1938.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

P. B. Traweek, of Elba, opposed.

THOMAS, Justice.

In the case of Doss v. State, 220 Ala. 30, 123 So. 231, 233, 68 A.L.R. 712, the observation is made that:

"The first count of the indictment under which the verdict of guilty was returned by the jury is in the form prescribed by section 4556 of the Code, form 68, and, under the repeated ruling of this court, it is sufficient although it 'omits to aver' in terms some of the material facts necessary to be proved to secure a conviction. Schwartz v. State, 37 Ala. 460; Smith v. State, 63 Ala. 55; Whitehead v. State, 16 Ala.App. 427, 78 So. 467; Leonard v. State, 96 Ala. 108, 11 So. 307; Walker v. State, 96 Ala. 53, 11 So. 401; Lang v. State, 97 Ala. 41, 12 So. 183; Reeves v. State, 95 Ala. 31, 11 So. 158; Huffman v. State, 89 Ala. 33, 8 So. 28; Bailey v. State, 99 Ala. [143] 145, 13 So. 566; Coleman v. State, 150 Ala. 64, 43 So. 715.

"The case of Bryan v. State, 45 Ala. 86, cited by the appellant, and followed by the Court of Appeals, declared a different rule; but that case was overruled by Weed v. State, 55 Ala. 13; this was pointed out by the Court of Appeals in Whitehead v. State, 16 Ala.App. 427, 78 So. 467.

"The third count of the indictment condemned in Henry (a Slave) v. State, 33 Ala. 389, was not in the form prescribed by the statute."

Again in 42 Corpus Juris, p. 1386, § 1453, the subject is stated as follows: "A complaint, information, or indictment is ordinarily sufficient when it follows the language of the statute, and it is not fatally defective by reason of its omission to state that the injury was caused or the accident occurred on a public highway, or to describe the particular point in the highway at which the accident took place, or to set forth the name of the person collided with or injured; and it is sufficient after verdict, although it fails to describe with particularity the property injured or the particular injury caused to the property. It has been held, however, that, where the name of the person injured is not given, the defendant is entitled as of right to a statement of particulars, for the purpose of obtaining such information."

The statute is the rule of public safety.

In Grattan v. State, 71 Ala. 344, Mr. Justice Somerville states the general rule that, where a new offense is created by statute, an indictment describing the offense in the language of the statute, or in words conveying the same meaning, is good, if it is sufficient to allege the facts in the doing or not doing of which the offense consists.

30

In Morningstar v. State, 52 Ala. 405, the Chief Justice for the court announces the rule that, where an essential averment of the indictment is the name or identity of a third person, the indictment must be certain as to such person; that an indictment which describes the owner of stolen property by her surname only, without any averment that her Christian name was unknown to the grand jury, is bad on demurrer. See, also, State v. Hall, 24 Ala.App. 336, 134 So. 898.

The foregoing authorities will illustrate that under the statute, sections 4527, 4529, of the Code of 1923, the rule adopted is that in an indictment for such offense created by statute it is not sufficient to describe the offense merely in the words of the statute, but such description must be specific.

The writ is denied.

All the Justices concur.