54 So.2d 619

### PHILYAW v. CITY OF BIRMINGHAM.

### 6 Div. 980.

Court of Appeals of Alabama.

May 28, 1951.

Rehearing Denied June 12, 1951.

114

Beddow & Jones, Roderick Beddow and G. Ernest Jones, Jr., all of Birmingham, for appellant.

J. M. Breckenridge and J. Reese Johnston, Jr., Birmingham, for appellee.

HARWOOD, Judge.

This appellant was originally convicted in the Recorder's Court of the City of Birmingham of violating Section 847 (Malicious Mischief—Injury to Property) of the General City Code of the City of Birmingham.

From that conviction he perfected his appeal to the circuit court where he was again found guilty, and judgment was entered accordingly.

Section 847 of the city code, supra, reads as follows:

"Sec. 847. *Malicious mischief—Injury to property.*

"Any person who unlawfully, wantonly, wilfully or maliciously disfigures, defaces, removes, destroys or injures any property of another, shall, on conviction, be punished as provided in section 4. (1930, sec. 5469.)"

In the circuit court the City Attorney filed a complaint which, omitting the formal parts, is in the following language: "Count 1. Comes City of Birmingham, Alabama, a municipal corporation, and complains that Marvin Philyaw, within twelve months before the beginning of this prosecution and within the City of Birmingham, Alabama, or the police jurisdiction thereof, did unlawfully, maliciously, wantonly or wilfully disfigure, deface, remove, destroy or injure the property of another, than his own, contrary to and in violation of Section 847 of the General City Code of Birmingham of 1944."

The appellant filed a demurrer to this complaint. Several grounds of this demurrer question the sufficiency of the complaint because of its failure to identify the owner of the property alleged to have been injured.

The demurrer was overruled by the court, with exceptions allowed.

■ It is true that the complaint follows the language of the ordinance. This is ordinarily sufficient, but such general rule is not applicable where the statute does not prescribe with definiteness the constituent elements of the offense. Collins v. State, 28 Ala.App. 400, 185 So. 779; Mitchell v. State, 248 Ala. 169, 27 So.2d 36.

■■ A defendant in a criminal prosecution is guaranteed the right by our constitution and statutes to a formal accusation of the nature of the charge he is to defend. Mitchell v. State, supra. The facts should be stated in such manner as to apprise a person of common understanding of what is intended, and must charge a defendant with sufficient certainty to protect the defendant against jeopardy of a second trial, and permit him to prepare his defense. Stinson v. State, 28 Ala.App. 559, 190 So. 303, certiorari denied 238 Ala. 272, 190 So. 305; McQueen v. State, 31 Ala.App. 101, 13 So.2d 59, certiorari denied 244 Ala. 251, 13 So.2d 61; Grattan v. State, 71 Ala. 344.

The question of the sufficiency of the complaint in this case depends upon whether the identity of the owner of the property alleged to have been injured is an element that must necessarily be averred.

■ The ordinance as drawn is for the protection of the interest in property of another person. While its tendency is to protect all property, the essential aim is for the protection of private interests in property. See Johnson v. State, 18 Ala.App. 70, 88 So. 348.

■ When injury to the property of another is the offense charged, a material averment of the accusation is the identity of the owner. Such principle has been repeatedly enunciated in the opinions of this State. Morningstar v. State, 52 Ala. 405; Russell v. State, 71 Ala. 348; Grattan v. State, 71 Ala. 344; Cooper v. State, 26 Ala. App. 326, 159 So. 370; Lashley v. State, 28 Ala.App. 86, 180 So. 720, certiorari denied with opinion, 236 Ala. 28, 180 So. 724; Echols v. State, 35 Ala.App. 602, 51 So.2d 260.

We have found no case from this jurisdiction dealing specifically with the question now under consideration, though it seems to have been the view of the courts of numerous of our sister states that a complaint or indictment for malicious mischief or injury to the property of another which fails to identify the owner of the injured property is fatally defective because of such omission. Haworth v. State, 1 Peck, Tenn., 89; State v. Smith, 21 Tex. 748; Davis v. Commonwealth, 6 Casey 421, 30 Pa. 421; State v. Jackson and Another, 7 Ind. 270; State v. Deal, 92 N.C. 802.

■ The above principles as applied to the complaint now being considered compels the conclusion that it is insufficient to meet the above well established principles. It was therefore error for the court to overrule the demurrer, several grounds of which pointed out the fatal deficiency in the complaint.

■ At the request of the City the court gave to the jury the following written charge: "The court charges the jury that they should consider the evidence of an alibi with great caution; that the law so considers it, for the reason that it was so easily manufactured; but that an alibi when once established to the satisfaction of the jury is as good as any other defense."

Instructions of practically the same tenor have been disapproved and held erroneous, for the reason that such charge is invasive of the province of the jury, and tends to single out alibi evidence and disparage it as a matter of law. The court therefore erred in giving this charge. Johnson v. State, 24 Ala.App. 291, 135 So. 592, certiorari denied 223 Ala. 332, 135 So. 592; Ragland v. State, 238 Ala. 587, 192 So. 498; Canty v. State, 242 Ala. 589, 7 So.2d 292.

Appellant's counsel argue further that this cause must also be reversed because of a further error appearing in the record.

After careful study we think there is merit in counsel's contention.

As before stated this accused was charged in both the affidavit in the Recorder's Court, and the complaint filed in the circuit court with a violation of Section 847 of the General City Code, which has been set out above.

In the same chapter of this city code, and some four sections later appears the following section:

"Sec. 851. *Same—Injuring buildings.*

"Any person who unlawfully, maliciously, wantonly or wilfully injures or defaces any church or other building, either public or private, or writes or draws figures, letters or characters on the walls, fences or enclosures thereof, shall, on conviction, be punished as provided in section 4. (1930, sec. 5471)."

The evidence presented by the city tended to show that the alleged malicious mischief charged to this appellant resulted from a piece of slag being hurled through a plate glass window of a store building, i.e., an injury to a building.

■■ All city ordinances appearing in the same chapter of a city code are in pari materia, and must be construed together and, if possible, be interpreted so as to be in harmony. Sloss-Sheffield Steel and Iron Co. v. Allred, 247 Ala. 499, 25 So.2d 179. Repeal by implication is not favored. If there is a field of operation by just construction for both, then each will be given effect.

In view of the general terms of Section 847, supra, broad enough to cover all property, real or personal, we see no need for Section 851, supra. It was however enacted as a special provision relating to injury to buildings.

■ The rule is laid down clearly in City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159, 163, that: "Special provisions relating to specific subjects control general provisions relating to general subjects. The things specially treated will be considered as exceptions to the general provisions. When a specific subject has been specially provided for by law, it will not be considered as repealed by a subsequent law which deals with a general subject in a general way, though the specific subject and the special provisions may be included in the general subject and general provisions. Parker v. Hubbard, 64 Ala. 203; [City Council of] Montgomery v. [National] B. & L. Ass'n, 108 Ala. 336, 18 So. 816."

■ The evidence presented by the City in the trial below tended to show a violation only of Section 851, a separate and distinct ordinance from Section 847 with which the appellant was charged in all of the pleadings with violating. This variance between the allegata and the probata was fatal to the City's case, and the appellant was entitled to have been given the affirmative charge requested by him in writing. The refusal of this charge constituted error.

Numerous other assignments of error are argued in appellant's brief. They are not likely to arise in another trial of this cause. We therefore refrain from and reserve consideration of these additional assignments.

■ The complaint filed by the City being merely defective, and not void, it is subject to amendment to cure the existing defect as to the identity of the owner of the alleged injured property. The complaint cannot be amended so as to charge a different and separate offense from the one originally charged. It appears therefore that further any prosecution of this case must continue under Section 847, supra, as originally begun. Whether after proper amendment the City may furnish evidence to meet the charge we are of course not prepared to say. Under the doctrine of Hendricks v. State, 252 Ala. 305, 41 So.2d 423, 424, it appears that a remandment is the proper order rather than a rendition, unless "it reasonably appears from the record that further evidence to sustain the charge cannot be adduced on another trial." The mere absence of such evidence from a record does not necessarily deny its existence. The prosecuting authorities, and not this court, are the possessors of this knowledge, as to what evidence may or may not be at their command.

Reversed and remanded.