58 So.2d 901

**JACKSON v. STATE.**

8 Div. 61.

Court of Appeals of Alabama.

May 13, 1952.

buildings and other property in the Town of Muscle Shoal in said County," etc.

Demurrers addressed to the complaint were overruled by the court.

The prosecution was instituted under the provisions of Sec. 84(8) Title 14, Code of Alabama 1940, that "Any person who shall wilfully or maliciously remove, damage or destroy:

\* \* \* \* \* \*

"(8) A pipe or main for conducting gas, water or oil, or any works erected for the purpose of supplying buildings therewith, or any appurtenance or appendage thereto; \* \* \* shall be guilty of a misdemeanor."

It is true that the complaint follows the language of the statute. This is ordinarily sufficient, but such general rule is not applicable where the statute does not prescribe with definiteness the constituent elements of the offense. Collins v. State, 28 Ala.App. 400, 185 So. 779; Mitchell v. State, 248 Ala. 169, 27 So.2d 36.

A defendant in a criminal prosecution is guaranteed the right by our constitution and statutes to a formal accusation of the nature of the charge he is to defend. Mitchell v. State, supra. The facts should be stated in such manner as to apprise a person of common understanding of what is intended, and must charge a defendant with sufficient certainty to protect the defendant against jeopardy of a second trial, and permit him to prepare his defense. Stinson v. State, 28 Ala.App. 559, 190 So. 303, certiorari denied 238 Ala. 272, 190 So. 305; McQueen v. State, 31 Ala.App. 101, 13 So.2d 59, certiorari denied 244 Ala. 251, 13 So.2d 61; Grattan v. State, 71 Ala. 344.

The question of the sufficiency of the complaint in this case depends upon whether the identity of the owner of the property alleged to have been injured is an element that must necessarily be averred.

The statute as drawn is for the protection of the interest in property of another person. While its tendency is to protect all property, the essential aim is for the protection of private interests in

Smith & Tompkins, Tuscumbia, for appellant.

Si Garrett, Atty. Gen., for the State.

HARWOOD, Judge.

The complaint filed against this appellant, omitting the formal parts, charges that he "did wilful and maliciously damage or destroy a pipe or water main or works erected for the purpose of supplying

property. See Johnson v. State, 18 Ala. App. 70, 88 So. 348.

When injury to the property of another is the offense charged, a material averment of the accusation is the identity of the owner. Such principle has been repeatedly enunciated in the opinions of this State. Morningstar v. State, 52 Ala. 405; Russell v. State, 71 Ala. 348; Cooper v. State, 26 Ala.App. 326, 159 So. 370; Lashley v. State, 28 Ala.App. 86, 180 So. 720, certiorari denied with opinion, 236 Ala. 28, 180 So. 724; Echols v. State, 35 Ala.App. 602, 51 So.2d 260.

We have found no case from this jurisdiction dealing specifically with the question now under consideration, though it seems to have been the view of the courts of numerous of our sister states that a complaint or indictment for malicious mischief or injury to the property of another which fails to identify the owner of the injured property is fatally defective because of such omission. Haworth v. State, Peck, Tenn., 89; State v. Smith, 21 Tex. 748; Davis v. Commonwealth, 30 Pa. 421; State v. Jackson, 7 Ind. 270; State v. Deal, 92 N.C. 802.

The above principles as applied to the complaint now being considered compels the conclusion that it is insufficient to meet the above well established principles. It was therefore error for the court to overrule the demurrer, several grounds of which pointed out the fatal deficiency in the complaint.

Reversed and remanded.