128 So.2d 340

**Ralph Edwin KING, Jr.**

v.

**CITY OF MONTGOMERY.**

3 Div. 70.

Court of Appeals of Alabama.

March 21, 1961.

Fred D. Gray, Montgomery, for appellant.

Horace Perry, Montgomery, for appellee.

PER CURIAM.

The complaint upon which this appellant was adjudged guilty, omitting the formal parts, charges that this appellant "did go upon or remain upon the lands, buildings or premises of another after having been forbidden to do so either orally or in writing, by the owner, lessee, or other person in possession thereof, his agent or representative," etc.

Nowhere in the complaint is the owner, lessee, or person in possession of the premises allegedly trespassed upon, or in, set forth or identified. This omission was pointed out in apt grounds of the demurrer filed to the complaint, which demurrer was overruled.

The attorney for the appellee, City of Montgomery, has filed a paper with this court, stating in paragraph 2 thereof:

"The Appellee, the City of Montgomery, confesses error in that the affidavit and complaint fail to state the ownership of the property trespassed upon."

In Jackson v. State, 36 Ala.App. 466, 58 So.2d 901, 902, we stated:

"When injury to the property of another is the offense charged, a material averment of the accusation is the identity of the owner. Such principle has been repeatedly enunciated in the opinions of this State. Morningstar v. State, 52 Ala. 405; Russell v. State, 71 Ala. 348; Cooper v. State, 26 Ala.App. 326, 159 So. 370; Lashley v. State, 28 Ala.App. 86, 180 So. 720, certiorari denied with opinion, 236 Ala. 28, 180 So. 724; Echols v. State, 35 Ala.App. 602, 51 So.2d 260."

We consider the confession of error made by the appellee well grounded, and under the long-settled doctrines of deci-sions by our Supreme Court, and of this Court, this judgment must of necessity be reversed.

Reversed and remanded.