UNITED STATES, Appellee,

v.

Sergeant Darryl L. McDUFFIE,
154–58–4364, United States
Army, Appellant.

ACMR 8801716.

U.S. Army Court of Military Review.

31 May 1989.

For Appellant: Captain Thomas A. Sieg, JAGC, Captain Jeannine C. Hinman, JAGC (on brief).

For Appellee: Major Daniel J. Dell'Orto, JAGC (on brief).

Before MYERS, WERNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

SMITH, Judge:

Appellant asserts that he cannot, as the owner of a car, be convicted of a conspiracy to destroy the same car. We believe that under the circumstances of this case, appellant did conspire to destroy the "property of another" and affirm.

In an attempt to defraud his insurance company, appellant conspired with Private First Class (PFC) Harrison to destroy appellant's 1986 Oldsmobile Cutlass. PFC Harrison did so by steering the car over a cliff in El Paso County, Colorado. Appellant reported the car stolen and received $8,450.00 from the Allstate Insurance Company. At the time of the car's destruction, General Motors Acceptance Corporation (GMAC) held a lien of approximately $9,875.00 on the automobile. Appellant had no equity interest in the automobile as he owed more than its value to GMAC.

At trial appellant pled guilty to attempted larceny of the $8450.00 and to the disputed charge of conspiracy to destroy the property of another. The conspiracy offense was charged as follows:

Charge II: Violation of the UCMJ, Article 81, 10 USC § 881

Specification: In that Sergeant Darryl L. McDuffie, US Army, Company C, 704th Main Support Battalion, 4th Infantry Division (Mechanized), Fort Carson, Colorado, on active duty now and at the time of the offense charged, did, at Fort Carson, Colorado, on or about 21 February 1988,

conspire with Private First Class Graham S. Harrison, to commit an offense under the Uniform Code of Military Justice, to wit: Willful and wrongful destruction of one 1986 Oldsmobile Cutlass automobile, of a value of about $9,000.00, the property of Sergeant Darryl L. McDuffie, with a greater right of possession in General Motors Acceptance Corporation, and in order to effect the object of the conspiracy the said Sergeant Darryl L. McDuffie did deliver the keys to the automobile and the automobile to the said Private First Class Graham S. Harrison and the said Private First Class Graham S. Harrison did steer the said car over a cliff in El Paso County, Colorado.

The military judge explained to appellant that one of the elements of wrongful destruction of personal property was the "wrongful destruction or damage to certain personal property ... of another person." When asked to whom the car belonged, appellant replied:

ACC: Me, sir.

MJ: Was any money owed on it?

ACC: Yes, sir.

MJ: To whom? GMAC?

ACC: Yes, sir.

MJ: Who owned the most of that car? You or GMAC?

ACC: GMAC, sir.

MJ: Okay, you know, one of the elements of destruction of property is it's got to be the property of somebody else. So even though you had bought the car do you agree that GMAC owned that car more than you did?

ACC: Yes, sir. Yes, sir.

■ Appellant now argues that as the "owner" of the car he cannot be convicted of conspiracy to destroy the car as it was not the "property of another." In support of his argument of ownership, he cites *United States v. Jett,* 14 M.J. 941 (A.C.M. R.1982), *petition denied,* 16 M.J. 122 (C.M. A.1983), in which this court held that an accused could be properly convicted of larceny of a vehicle where, although he retained legal title, he had physically transferred possession of the vehicle to another for money and a promise to pay more. In

*Jett,* the possessor of the vehicle was found to have a greater right to possession. This court held that " 'ownership' may describe one who has dominion or control over a thing, though title may be in another." *Id.* at 944. Appellant now argues that because he had dominion and control and a greater right to possession to the automobile, the automobile was not the property of another. We disagree.

■ In *Jett* the court was defining ownership as it relates to larceny. Here, we are concerned with the definition of "property of another" as it relates to destruction of personal property. Larceny violates another's possessory interest in property. Manual for Courts–Martial, United States, 1984 Part IV, para. 46c(1)(c)(ii) and (iii). Destruction of private property is an offense against ownership rather than possessory interest. *See Jackson v. State,* 36 Ala.App. 466, 58 So.2d 901, 902 (1952) and *United States v. Rand,* 17 C.M.R. 893 (A.B.R.1954) (ownership is an essential element of the offense of wrongful damage to property). The term "property of another" imposes "criminal responsibility on a person who damages another's interest in property, regardless of whether ownership in the property is shared; a person does not have the right, by virtue of part ownership, to harm the interest of another person in that property." *People v. Jones,* 145 Ill.App.3d 835, 495 N.E.2d 1371, 1372 (1986) (citation omitted). Therefore, when appellant's co-conspirator destroyed the automobile, GMAC's proprietary interest in the automobile as collateral was destroyed. Appellant, as he clearly indicated during the providence inquiry, was aware of that interest and intended its destruction. The fact that appellant had a greater right to possession and a concurrent property interest in the automobile did not give him the right to infringe on GMAC's interest in that same property.

We have considered the other errors asserted including the error personally asserted by appellant and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge MYERS and Judge WERNER concur.