142 So. 441

### REED v. STATE.

6 Div. 95.

Court of Appeals of Alabama.

Jan. 19, 1932.

Rehearing Denied Feb. 2, 1932.

R. M. Montgomery, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The indictment charged this appellant with the offense of murder in the first degree, in that he unlawfully, and with malice aforethought, killed William Jefferson Crowe, by driving an automobile over, upon, or against him, etc. All necessary preliminaries for the trial of this case are shown by the record; and the trial resulted in the conviction of the accused for the offense of murder in the second degree; the jury fixed his punishment at imprisonment for fifteen years. In accordance with the verdict of the jury, the court duly pronounced and entered judgment against him and sentenced him to imprisonment in the penitentiary for fifteen years. From this judgment of conviction this appeal was taken.

In this case there was no contention on the part of the state that this appellant intentionally killed the deceased, for, without dispute or conflict, it was shown that the deceased was entirely unknown to the defendant, that he had never seen him before he was killed or until the time he was killed.

██ The state, however, insisted that the homicide complained of was the result of the act of this appellant, and that such act was greatly dangerous to the lives of others, and evidenced a depraved mind regardless of human life, although without any preconceived purpose to deprive any particular person of life, and as a result was guilty of murder. This rule of law was laid down in the case of Mitchell v. State, 60 Ala. 26, and has been many times reaffirmed and followed by the appellate courts of this state.

The evidence disclosed without dispute that this appellant and one Sam Freeman, both of whom were intoxicated or under the influence of whisky, were in a large and practically new closed seven-passenger Lincoln car, and were traveling at a speed of from 40 to 65 miles an hour on the public streets of the city of Birmingham, and while running at such rate of speed turned a corner and the car struck the deceased, who at the time was walking on the sidewalk, and killed him. The sidewalk was several feet higher than the level of the street, the car climbed the embankment, struck the deceased, and dragged him some 60 or 65 feet before the car stopped in some bushes and on an incline.

██ The court delivered an able and explicit charge to the jury covering every phase of the law applicable to this case. No exception was reserved to this charge, nor was it subject to objection and exception. Among other things, the court charged the jury: " * * * If a person driving an automobile along the public highway knew that he was intoxicated, and, with that knowledge and the knowledge of other persons present on the highway, should proceed to drive the car in a highly reckless manner and operate the car in such manner as to be greatly dangerous to the lives of others and thus evidencing a depraved mind and regardless of human life, then you might consider that fact in determining whether or not the operator of the

car was guilty of murder." The foregoing, we think, is correct and applicable to this case. There was some conflict in the evidence as to which of the two intoxicated occupants of the car was driving at the time complained of. This, of course, made a jury question. We are of the opinion that the evidence on this question was ample to justify the jury in the conclusion reached by them. We discover no reversible error in any ruling of the court upon the admission of evidence. The charges refused to defendant, such as were applicable to the case and properly stating the law, were fairly and substantially covered by the oral charge of the court. Their refusal therefore was without error. We discover no sufficient legal reason why the court should have granted the motion for a new trial. The record appears regular in all respects. No error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.