142 So. 442

### REED v. STATE.

#### 6 Div. 122.

Supreme Court of Alabama.
April 28, 1932.

Rehearing Denied June 16, 1932.

R. M. Montgomery, of Birmingham, for petitioner.

Thos. E. Knight, Jr., Atty. Gen., for the State.

ANDERSON, C. J.

The defendant was indicted and tried for murder in the first degree, but was acquitted of murder in the first degree and convicted of murder in the second degree. The only theory upon which a conviction was sought was under the fourth division of section 4454 of the Code of 1923, defining murder in the first degree and dealing with homicides: "Perpetrated by any act greatly dangerous to the lives of others, and evidencing a depraved mind regardless of human life, although without any preconceived purpose to deprive any particular person of life, is murder in the first degree." This is a statutory offense, that is, in being made a capital felony. Mitchell v. State, 60 Ala. 26. As the defendant was acquitted of this offense, the question arises, Did the evidence, as set out in the opinion of the Court of Appeals, make out a case of murder in the second degree? We have no statutory definition of murder in the second degree other than the concluding part of section 4454 that "every other homicide, committed under such circumstances as would have constituted murder at common law, is murder in the second degree." As we understand, from the substance of the facts set out in the opinion of the Court of Appeals, the defendant was guilty of gross negligence or wanton misconduct, but we find no authority, English or American, holding that they would constitute murder under the common law. Indeed, every case we find dealing with injuries by automobiles of this character treat the same as manslaughter and not murder. State v. Goetz, 83 Conn. 437, 76 A. 1000, 30 L. R. A. (N. S.) 458; Rex v. Grout, 6 Car. & P. 629; Rex v. Timmins, 7 Car. & P. 499; Rex v. Walker, 1 Car. & P. 320; Rex v. Green, 7 Car. & P. 156; Rex v. Mastin, 6 Car. & P. 396, (English). "To cause death by using a public way carelessly is manslaughter only, because the proper and careful use of it is lawful." Bishop on Criminal Law, 2d Vol. (9th Ed.) § 689, subdiv. 3. Of course, we do not mean to hold that every killing with a vehicle on a highway would not be murder, such as intentionally running a person down or into another vehicle and causing the death of the occupant, etc., but where the killing, as here, is merely the result of carelessness or negligence, it is only manslaughter. Indeed, the victim here was not on the street over which the automobile was going, but was upon an elevated sidewalk, and the machine through negligence or accident ran upon the sidewalk after turning a corner.

The defendant was due the general charge as requested as to murder in the second degree. It may be that the Court of Appeals has not so specifically dealt with this charge as to authorize a review under the rule, but it does deal with the motion for a new trial, and, according to the facts as disclosed in the opinion, the Court of Appeals erred in holding that the trial court did not err in refusing the motion for a new trial.

I therefore think that the writ of certiorari should be awarded, and the judgment of the Court of Appeals should be reversed, and Justices BROWN and KNIGHT concur, but a majority of the court, composed of GARDNER, BOULDIN, THOMAS, and FOSTER, JJ., hold that the opinion of the Court of Appeals is sound and the writ should be denied.

Writ denied.