160 So. 237

# HYDE v. STATE.

## 8 Div. 602.

Supreme Court of Alabama.

Feb. 28, 1935.

Rehearing Denied April 4, 1935.

244

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

GARDNER, Justice.

The appeal is from a conviction of murder in the second degree, with punishment fixed at imprisonment for a period of 25 years.

On the morning of March 27th, last, three young ladies were traveling in an Austin coupé from Decatur to Athens, Ala., on the "Bee Line Highway." Their car was struck in the rear by a 1925 model Maxwell coupé, driven by this defendant, resulting in its complete reversal and overthrow, and fell upon its left side. The Austin ignited, and two of the young ladies died as a result of burns received in the wreck.

The defendant and his companion, Cox (jointly indicted with him, but for whom the affirmative charge was given), proceeded on their way until their car broke down and ran into a ditch between Athens and Elkmont, where the arrest was made. Both of the young men were under the influence of intoxicants, though defendant insists he remembered most everything that happened.

■ On motion for a new trial (denial of which constitutes the major point here pressed for reversal), the trial judge wrote an opinion, in which, beginning on page 6-c of the transcript, he summarizes the salient features of the evidence and the reasonable conclusion deducible therefrom. This excerpt from his opinion appears in the report of the case, and need not be here repeated. Suffice it to say our study of the proof confirms this summary, and we accord with the conclusion that the proof was sufficient for submission to the jury of the question of defendant's guilt of murder in the second degree. Reed v. State, 25 Ala. App. 18, 142 So. 441, certiorari denied Reed v. State, 225 Ala. 219, 142 So. 442.

■ The trial court saw and heard the witnesses, and denied the new trial. The established rule is that his decision will not be here overturned, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the ver-

Wall & Creel, of Athens, for appellant.

dict is so decided as to clearly convince us that it is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

A discussion of the facts would serve no useful purpose. Let it suffice to state our conclusion that the case is not one where, in our opinion, the ruling of the trial court on the motion should be here disturbed. We may perhaps be impressed that the jury's decision as to the number of years' imprisonment is somewhat excessive. But that was a matter within their exclusive province, relief from which must be sought by way of executive clemency. The evidence justified the submission of the defendant's guilt of murder in the second degree for the jury's determination. Allowing all reasonable presumption of the correctness of the trial judge's decision, we cannot say the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. And, having so found, this concludes our authority.

The charges refused to defendant were either subject to criticism and properly refused or else were embraced in given charges and the oral charge of the court. We find nothing in them calling for discussion.

The indictment was not subject to the demurrer interposed, and no error appears in overruling the same.

It results that we find no reversible error. Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.