7 So.2d 511

## WILLIAMS v. STATE.
### 8 Div. 173.

Court of Appeals of Alabama.
April 7, 1942.

---

438

Roberts & Cunningham, of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of fifteen years.

The evidence for the State tended to show that the decedent, Miss Ludie Williams, was killed on a Sunday night, in an automobile collision between the car in which she was riding and one driven by appellant.

The deceased was one of four occupants of an automobile driven by one Hoyt Pearce, headed north on the highway between Albertville and Boaz, in Marshall County—that is, the highway on Sand Mountain running towards Huntsville. This car was travelling at a speed of from twenty-five to thirty miles per hour.

The car driven by appellant, containing two other occupants, was going in the opposite direction; and, while there is a dispute in the testimony as to its speed, appellant himself, and his witnesses, say it was going at approximately fifty miles per hour—maybe a little more, maybe a little less.

The evidence discloses without conflict that the point of collision between the two cars was on the crest or rise of a hill, in a curve, and at the intersection of the Mount Vernon Road and the highway leading from Albertville to Boaz.

At the time of the collision the automobile driven by this appellant was physically in the drive lane of the automobile in which the deceased, Miss Ludie Williams, was riding.

The State's testimony further tended to show—we believe shows without conflict—that immediately before the collision there were three automobiles travelling south on said above mentioned highway, in a row, the last of the three being appellant's car. And that appellant, by his own testimony driving fifty miles per hour, ran his car into the car immediately in front of him, tore off the rear light and bent the fender of same; ran into the rear end of the next automobile; and then pulled or swerved his car across the highway and ran it into or against the north bound car in which deceased, Miss Ludie Williams, was riding.

It was not a head on collision. Appellant's car struck (meeting) the car in which deceased was riding between the left front wheel and the door, and knocked the said north bound car clear of the pavement save for about 12 or 14 inches.

State's witness Mashburn, a State Highway Patrolman, arrived on the scene several minutes after the collision. He helped extricate appellant from his wrecked automobile.

The said Mashburn testified that appellant appeared to be drunk; that he smelled whiskey on him; and that he found a pint bottle about half full of whiskey in appellant's car. Mashburn said he had had

enough experience to know whether or not a man was drunk, and that in his opinion appellant was drunk at that time.

Mashburn further testified that he had pursued appellant's car across the mountain that night (before it had the above collision), and that appellant had side-swiped two other cars before hitting the car in which deceased was riding.

State witness Webb testified that he was driving across Sand Mountain to Boaz the night of the collision, and that he followed appellant's car some 12 or 13 miles from Guntersville. He said that appellant almost ran his car into the car driven by the witness; that witness followed appellant's car, driving, himself at the speed of 60 or 65 miles per hour, but never overtook appellant. He said he kept in sight, though, of appellant's car, and that he actually saw the wreck. He said he caught up with appellant but could not pass him, as appellant was driving from one side of the road to the other. He said: "They were weaving the car along, I thought they would turn thirty flips any minute."

Deceased, Miss Ludie Williams, was carried to a hospital in Albertville as quickly after the wreck as possible but died in about an hour and forty-five minutes as a result of the injuries received in said collision.

This appellant himself suffered a broken leg as the result of said wreck.

■ Able counsel representing appellant devote most of the argument in their brief filed here to the proposition that the trial court erred in overruling appellant's motion to set aside the verdict of the jury and grant him a new trial.

But the bill of exceptions does not disclose the making of a motion for new trial, a ruling thereon, and exception to such ruling. This much must be shown by bill of exceptions. In this state of the record, the ruling on motion for new trial is not reviewable. Ward v. State, 242 Ala. 307, 6 So.2d 394; Ex parte Grace, 213 Ala. 550, 105 So. 707.

■ While we have searched the record for error, as was our duty, what we have said hereinabove disposes of all questions worthy of mention except the single one of the propriety vel non of the trial court's refusal to give to the jury at appellant's request the general affirmative charge to find in his favor.

In view of the testimony, as we have partially summarized same hereinabove, it would seem that not much would need to be said on this question. It is too clear for comment that one, as appellant, drunk (as the jury had a right to find him to be), driving his car at the rate of fifty miles per hour up hill and around a curve, at night, colliding with another car and causing the death of a person, is in no situation to ask that the jury be instructed to acquit him of guilt.

■ It is true appellant offers some explanation—slightly variant from what appears hereinabove—of how he came to collide with the car in which deceased was riding; but the jury had a right to pass upon the truth and sufficiency of the explanation.

■ While for the reason pointed out hereinabove we are not called upon to decide that the evidence was sufficient to support the verdict finding appellant guilty of murder in the second degree, yet it may not be amiss to remark for the comfort of counsel prosecuting this appeal that here, as in the case of Hyde v. State, 230 Ala. 243, 160 So. 237, 238, the jury were amply warranted in finding that appellant "was conscious of his acts, conscious of the impending danger surrounding him, and of the probable results of his acts, and then with a reckless indifference to the probable consequences of his acts, brought about the collision and death of the deceased." So finding, their verdict convicting appellant of murder in the second degree was authorized under the law. See also Reed v. State, 25 Ala.App. 18, 142 So. 441, certiorari denied Id., 225 Ala. 219, 142 So. 442.

We find nowhere an error to have been committed on the trial which was prejudicial to appellant, and the judgment is affirmed.

Affirmed.