13 So.2d 59

### McQUEEN v. STATE.

4 Div. 764.

Court of Appeals of Alabama.

March 2, 1943.

Rehearing Denied March 23, 1943.

E. O. Baldwin, of Andalusia, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The unfortunate tragedy involved in this prosecution was the result of a head-on collision between a 1929 roadster, driven by this appellant, and a 1939 Chevrolet automobile driven by the deceased, named in the indictment, Nathaniel Livings. Appellant was alone, in the decrepit car (as described) but in the car with Mr. Livings the testimony shows, were Mrs. Livings, his wife and six other ladies. Deceased, his wife and a Mrs. Ballard were riding on the front seat of the Chevrolet car, and five ladies on the back seat. The detailed evidence of the res gestae disclosed, as stated, that Mr. Livings was killed in the accident, and that three of the lady occupants of the car were also killed. The surviving four ladies were each badly wounded and crippled. The accident happened on the 2nd day of October, 1941, between 5:30 and 6 in the afternoon on the public highway (paved) between Andalusia and Opp, in Covington County. It appears from the evidence that this appellant was on his way to Andalusia, and the Livings car was traveling in the opposite direction, going East, toward the home of the occupants.

At the October, 1941, term of the circuit court, the grand jury found, and regularly returned into open court, an indictment against this appellant. The indictment contained three counts which charged him with the offense of manslaughter in the first degree. Said indictment, omitting formal parts and endorsements, reads as follows:

"1. The Grand Jury of said County charge that before the finding of this indictment James McQueen, alias Highpockets, unlawfully and intentionally, but without malice, killed Nathaniel Livings by running over him with an automobile.

"2. The Grand Jury of said County further charge that before the finding of this indictment James McQueen, alias Highpockets, unlawfully and intentionally, but without malice, killed Nathaniel Livings by striking him with an automobile.

"3. The Grand Jury of said County further charge that before the finding of this indictment James McQueen, alias Highpockets, unlawfully and intentionally, but without malice, killed Nathaniel Livings by driving an automobile into and upon a Chevrolet automobile in which the said Nathaniel Livings was riding in such a manner as to wreck the said Chevrolet automobile and thereby caused the death of said Nathaniel Livings, against the peace and dignity of the State of Alabama."

The cause was tried on August 6, 1942.

Before pleading to the merits the defendant filed demurrer to count 3 of the indictment. Said demurrer was properly overruled by the trial court. Hyde v.

State, 230 Ala. 243, 160 So. 237. The law is that an indictment must state the facts constituting the offense in ordinary and concise language, in such manner as to enable a person of common understanding to know what is intended. Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning.

■ Upon the trial of this case in the court below, there was no insistence upon the part of the State, that the defendant .intentionally committed the act complained of, which, as stated, resulted in the untimely death of the deceased. But the State did contend that the terrible tragedy was caused by, and was the result of, the defendant having driven his car in an unlawful manner which evidenced a wanton and reckless disregard of human life.

In support of the foregoing the State offered the testimony of several witnesses. The evidence thus adduced was for the jury to consider and determine. On this appeal, we are in effect asked to substitute ourselves for the jury who tried the case and to hold the appellant harmless on the basis of the testimony of the defendant himself who stated he did not know he was on the wrong side of the road, etc. This of course we cannot do, and in the face of the superabundance of the highly incriminating testimony there could be no inclination upon our part so to do, even if we had such authority.

■ The evidence in this case shows without dispute or conflict that at the time of the impact of the two cars above mentioned the defendant was driving his car on the left side of the road, some two, three or four feet from the center of the road. There was some evidence to the effect that the defendant was "under the influence of liquor" a short time before the accident. This, the defendant denied. Several witnesses testified that immediately prior to the fatal accident, the defendant was driving his ancient car from 40 to 50 miles per hour, in a downpour of rain, with the top of his car down, and with no lights thereon. Just preceding the fatal accident and in about 100 yards of where it occurred, State witness Mrs. Jack Bryant testified she met defendant in his Ford car and narrowly escaped a collision with him. She testified "the Ford car didn't have its lights on when it passed me."

■ In submitting this case to the jury the trial court delivered a most excellent oral charge, full, complete and thoroughly fair in its every aspect. The propositions of law involved were presented in an able manner and in line with innumerable decisions and adjudications of the appellate courts of this State. There is no necessity here to reiterate and discuss the law of this case further. There is no phase of this case which entitled the defendant to a directed verdict. The refused charges, affirmative in their nature were properly refused.

Pending the trial, two or three minor exceptions were reserved to the rulings of the court upon the admission of evidence. These exceptions are patently without merit, they need no discussion. No motion for a new trial was made; and as the trial proceeded throughout in the court below without semblance of error, we perforce must hold that the judgment of conviction from which this appeal was taken is due to be affirmed. It is so ordered.

Affirmed.