18 So.2d 701

**WILSON v. STATE.**

**6 Div. 78.**

Court of Appeals of Alabama.

June 27, 1944.

482

Chas. R. Robinson, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was put on trial under an indictment charging him with the offense of murder in the second degree.

He was convicted of the offense of manslaughter in the second degree, and his punishment fixed at "9 months hard labor for the County."

It was alleged, and the State's testimony—which was accepted by the jury—showed, that he "killed John Raymond Huey, Jr. by driving an automobile into, upon or against another automobile in which the said John Raymond Huey, Jr., was then riding."

The said State's testimony was, more specifically, abundantly to the effect that John Raymond Huey, Sr., the father of deceased John Raymond Huey, Jr., was driving his automobile, containing himself, wife and two year old John Raymond Huey, Jr., on the front seat, and a Mr. and Mrs. Link on the back seat, northward on the highway leading from Birmingham, Ala. to Warrior, Ala. And that his car was travelling on the right side of the road at a proper rate of speed—visible for a sufficient distance both from the front and from the rear.

Said testimony was, further, abundantly to the effect that appellant, travelling alone in his car, was driving same at an excessive rate of speed; that he was under the influence of intoxicants; that he was weaving from one side of the road to the other as he came, meeting the John Raymond Huey car; and that he crashed his car, head-on, into the said Huey car, while said car was on its proper side of the road, injuring all the occupants and causing such injuries to John Raymond Huey, Jr., the two year old baby, that he died.

Appellant, testifying for himself, disputed some of the things noted as being in the State's testimony. But this only resulted in the issues raised being for the jury to decide.

We have endeavored to perform our full duty under the terms of Code 1940, Tit. 15, § 389. But we observe nothing that seems worthy of discussion.

The case seems to have been carefully tried, in accordance with the law that obtains. Appellant might well, under the testimony, have been convicted of a higher degree of homicide. But this surely gives him no right to complain at the verdict of the jury. There were phases of the testimony that gave it support. See Hyde v. State, 230 Ala. 243, 160 So. 237; Reed v. State, 25 Ala.App. 18, 142 So. 441, certiorari denied 225 Ala. 219, 142 So. 442; McQueen v. State, ante, p. 101, 13 So. 2d 59, certiorari denied 244 Ala. 251, 13 So.2d 61.

The judgment is affirmed.

Affirmed.