149 So.2d 835

**Thomas Hoyt WRIGHT**

v.

**STATE.**

**6 Div. 920.**

Court of Appeals of Alabama.

Feb. 5, 1963.

[1]. Ante, p. 585.

Ralph E. Slate, Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted for first degree murder and convicted of second degree

murder and appeals to this Court from a verdict and judgment of sixteen years in the penitentiary.

On the afternoon of February 8, 1962, defendant, Thomas Hoyt Wright, and Willie NeSmith were both drinking at a tavern located on the Jefferson-Walker County line. Wright drank two cans of beer, which were his third and fourth for the day. Each of the imbibers owned a truck and part of their conversation concerned the relative possible speed of their vehicles.

After leaving the tavern, they proceeded in their respective trucks by different roads to the eastern outskirts of the City of Jasper, Alabama. When the defendant reached a point where the two roads merged, NeSmith was sitting in his truck parked by the side of the highway. Next the defendant stopped at a gas station where NeSmith passed him. Then the defendant left the gas station without getting gas and repassed NeSmith. Generally driving one behind the other but passing each other and other traffic at various points and running through several red lights, they drove through Jasper at speeds estimated from 50 to 80 miles per hour.

On the western outskirts of Jasper, the NeSmith truck was on the left side of the Wright truck as they drove down a two-lane highway. The deceased, Thomas Wayne Benson, and his father, in an automobile in the right lane, were travelling from the same direction as the trucks. The State contends that the Benson automobile was making a right turn but the defendant contends that the rear light of the automobile was signalling a left turn. The defendant's truck crashed into the right of the Benson automobile causing fatal injuries to Benson.

The State contended through numerous witnesses that the two trucks were racing with each other, while defendant's testimony was that no race was in progress. The defendant contended that he could not go to the left around the Benson automobile because the NeSmith truck was in

the left lane and that he attempted to avoid the collision by going to the right of the Benson automobile.

Several witnesses testified that defendant's character and reputation in the community in which he lived was good.

Judge Harwood, speaking for a majority of this Court reversing the second degree murder conviction on other grounds in Berness v. State, 38 Ala.App. 1, 83 So.2d 607, aff'd, 263 Ala. 641, 83 So.2d 613, said:

"It is well settled under our decisions that where the accused is himself the driver of an automobile and drives it in a manner greatly dangerous to the lives of others so as to evidence a depraved mind regardless of human life, he may be guilty of murder in the second degree if his anti-social acts result in death of another, and this though he had no preconceived purpose to deprive any particular human being of life. Under such circumstances his acts are unlawful and without legal excuse, and malice may be inferred therefrom. Reed v. State, 25 Ala.App. 18, 142 So. 441; Williams v. State, 30 Ala. App. 437, 7 So.2d 511; Hyde v. State, 230 Ala. 243, 160 So. 237."

The defendant urges that the trial court committed reversible error by permitting Thomas Guthrie to testify that several hours before the collision he saw the defendant drinking beer about 20 miles from the collision, in a tavern where he heard the defendant and NeSmith discuss the racing of their trucks. The defendant objected to this testimony at the time it was offered but the court refused to exclude it on condition that the solicitor connect this testimony. At the close of the State's case, the defendant again moved to exclude this testimony on the ground that it had not been connected and now urges that the court erred in not excluding it.

"Antecedent circumstances tending to shed light on the transaction or elucidate the facts or show preparation to commit the crime are always ad-

missible in evidence. Harden v. State, 211 Ala. 656, 101 So. 442." Mincy v. State, 262 Ala. 193, 78 So.2d 262.

"The acts, declaration, and demeanor of an accused, before or after the offense, whether a part of the res gestae or not, are admissible against him, but unless they are a part of the res gestae they are not admissible for him." Willingham v. State, 261 Ala. 454, 74 So.2d 241.

■ It was proper for the court to permit testimony of defendant's drinking several hours before the defendant was involved in a truck-automobile accident. Crump v. State, 29 Ala.App. 22, 191 So. 475, cert. den. 238 Ala. 439, 191 So. 478.

■ In view of the testimony of Highway Patrolman Malvin Porter and Jasper Patrolman C. L. Daugherty that in the Jasper Community Hospital on the night of the collision, defendant stated that he had done "a bad thing" and had been "racing", the Court did not err in overruling defendant's motion to exclude Guthrie's testimony concerning the tavern conversation about racing the trucks. The accuracy of the court's ruling is strengthened by the evidence of the manner in which the trucks were driven from which the jury could reasonably infer that the defendant was racing. Mincy v. State, supra; Harden v. State, supra.

In Bradberry v. State, 37 Ala.App. 327, 67 So.2d 561, a first degree manslaughter conviction was reversed because the trial court, having failed to orally charge the jury concerning second degree manslaughter, refused to give a requested charge identical to appellant's requested charge 2. In the case before us appellant's requested charge 2 was covered by the court's oral charge.

■ White v. State, 37 Ala.App. 424, 69 So.2d 874, contains the language of defendant's requested written charge 3 merely as a definition of second degree manslaughter. The instant charge 3, however,

gives the jury no operative direction as to the use of the definition. Therefore, it was not error to refuse it. Sanford v. State, 38 Ala.App. 332, 83 So.2d 254.

Requested charges 18, 19, 20, 21, 22 and 25 are all of an affirmative nature and they were under the evidence in this case properly overruled. Berness v. State, supra.

Requested charges 8, 9, 12, 13, 17 and 23 were covered by that portion of the oral charge dealing with reasonable doubt.

The appellant insists that the lower court erred in failing to give the requested written charges discussed above as well as charges 4, 6, 7, 15 and 23. Upon a careful reading thereof, we find that, except for those of an affirmative nature, all refused requested written charges were covered by the court's oral charge. Garrett v. State, 268 Ala. 299, 105 So.2d 541. Freeland v. State, ante, p. 480, 136 So.2d 892, cert. den. 273 Ala. 707, 136 So.2d 894.

Perusal of the record does not reveal error. Therefore, the judgment of the Circuit Court is

Affirmed.