Murder; fifty years.
The appellant was indicted under Ala. Code § 13A-6-2 (Supp. 1977) for causing the death of Louise D. Buchannan while recklessly engaging in conduct which created a grave risk of death to a person other than himself under circumstances manifesting extreme indifference to human life. The appellant was charged specifically with causing the victim's death by driving his automobile "on, against, over, or across" her body.
On July 29, 1981, at approximately 5:00 P.M., the appellant, who was traveling in a southerly direction, crossed over the northbound lane of South Park Street in Dothan, jumped the curb and struck the victim as she was working in her front yard. The victim's body was thrown across her yard and across a driveway before it landed in a neighbor's yard forty-six feet from the point of impact. The victim died as a result of the extensive injuries she sustained from the collision.
Just prior to the collision appellant's station wagon was seen "fishtailing and ricocheting back and forth from one side to the other." The automobile was traveling "like it was out of control" and was exceeding the speed limit. There was no indication that appellant applied his brakes either before or after impact with the victim. The station wagon came to rest "several houses down" the street.
The appellant was described as being "intoxicated" and "staggering maybe somewhat" at the scene. Two or three empty beer cans were found inside appellant's station wagon as well as an unopened bottle of whiskey. Appellant volunteered to police officers at the scene that he was the driver of the station wagon and that he had "apparently blacked out or fell asleep momentarily and run off the roadway." Appellant further admitted that "he had had three or four drinks" and was sleepy.
A blood sample was taken from appellant with his consent approximately three hours after the incident. A laboratory analysis conducted by the Department of Forensic Sciences revealed that the ethyl alcohol level in appellant's blood at that time was .13 *Page 1367 
percent.[1] State Toxicologist Laura T. Shevlin testified that if the blood sample had been taken at the time the incident occurred, the ethyl alcohol level in appellant's blood would have been between 0.16 and 0.19 percent.
At approximately 2:20 P.M. on the day following the homicide, appellant made a voluntary statement in which he admitted that he was intoxicated at the time his station wagon struck the victim. Appellant stated that he had been drinking during the course of the day.
After the State rested its case appellant testified in his own behalf that his prior statement regarding the incident was essentially correct. He further stated that he did not eat anything on July 29, that he had last eaten around 3:00 or 4:00 P.M., on July 28. Appellant admitted that he had been arrested at least four other times for "DUI or DWI."
Appellant admitted once again that he had been drinking throughout the day prior to the incident, and that he "knew it was against the law to get in that condition and get out on the road." Appellant concluded that the wreck had occurred because "either I fell asleep or passed out one."
 I
The sufficiency of the State's evidence is raised for the first time on this appeal. Appellant made no motion to exclude the State's evidence, there was no request for the affirmative charge, and, although a motion for new trial was filed, the sufficiency of the evidence was not challenged. Therefore, we have nothing to review on this issue. McGee v. State,383 So.2d 881 (Ala.Cr.App.) cert. denied, 383 So.2d 884 (Ala. 1980), and cases cited therein.
Moreover, even if the alleged error relating to the sufficiency of the evidence had been timely preserved, it is settled that, in appropriate circumstances, a homicide committed by an intoxicated driver of an automobile may be murder. Langford v. State, 354 So.2d 313, 315 (Ala. 1977); Reedv. State, 25 Ala. App. 18, 142 So. 441 (1932). The commentary following Section 13A-6-2 makes specific reference to Reed, supra, as being an example of when the application of § 13A-6-2
(a)(2) would be proper. From the evidence that was presented in this case, we cannot say as a matter of law that the application of § 13A-6-2 was improper.
 II
There was no error in the admission of two partially nude photographs of the victim which depicted the location and severity of her fatal injuries. The law on this matter is detailed fully in Carpenter v. State, 400 So.2d 417
(Ala.Cr.App.), cert. denied, 400 So.2d 427 (Ala. 1981).
Further, appellant's objection to the photograph of the unopened whiskey bottle was sustained by the trial court and it was not admitted into evidence. Therefore, there was no adverse ruling from which to appeal. Speigner v. State, 369 So.2d 39
(Ala.Cr.App.), cert. denied, 369 So.2d 46 (Ala. 1979).
 III
The appellant complains that the trial court abused its discretion in sentencing appellant to fifty years' imprisonment. In Alabama "[m]urder is punishable by imprisonment in the penitentiary for not less than 10 years to life." Ala. Code § 13A-6-2 (c) (Supp. 1977). Appellant's sentence falls within the statutory limits. Under these circumstances this court has no jurisdiction to review this matter. Jenkins v. State, 367 So.2d 587, (Ala.Cr.App. 1978), cert. denied, 367 So.2d 590 (Ala. 1979), and authority cited therein. *Page 1368 
 IV
Appellant next argues that the trial court committed reversible error by denying his motion for new trial based upon newly discovered evidence.
At the hearing on the motion for new trial appellant presented a witness, Ms. Betty Helms, who testified, in essence, that on the day of the incident she saw a pothole approximately two feet in diameter and six to ten inches deep in the northbound lane of South Park Street about a block or a block and a half from the scene of the accident. The pothole had been in the road for at least two weeks.
Ms. Helms testified that the following morning she noticed "two squad cars . . . guarding the hole." Around 4:00 P.M. that afternoon she observed that the pothole had been repaired. Ms. Helms related her observations concerning the pothole to appellant's counsel after reading about appellant's sentence in the paper. Ms. Helms did not report her knowledge about the pothole until after appellant's conviction because she "did not know who to contact."
From the testimony given by Ms. Helms, it cannot be said, as a matter of law, that the trial court abused its discretion in denying appellant's motion for new trial. The decision to grant or refuse a motion for a new trial rests largely in the discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Watson v. State,389 So.2d 961, 965 (Ala.Cr.App. 1980).
The Alabama Supreme Court in Taylor v. State, 266 Ala. 618,97 So.2d 802 (1957), set out the following requirements which must be established for an accused to be entitled to a new trial based on newly discovered evidence:
 "(1) That the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching." 97 So.2d at 804. See also, Bland v. State, 390 So.2d 1098, 1102 (Ala.Cr.App.), cert. denied, 390 So.2d 1109 (Ala. 1980).
Notwithstanding appellant's argument that the condition of the roadway was material and that the existence of the pothole and its subsequent repair could not have been discovered prior to trial by the exercise of due diligence, we are not persuaded that this new evidence would probably have changed the result if a new trial had been granted.
There is no hint anywhere in the record that appellant's station wagon hit the pothole prior to the collision. The pothole was in the northbound lane of the street and appellant was traveling in a southerly direction. The pothole was located a block to a block and a half from the point of impact. By appellant's own admission, the fatality occurred either because he "fell asleep or passed out one."
There appearing to be no error prejudicial to appellant's substantial rights, the judgment of the Houston Circuit Court is hereby affirmed.
AFFIRMED.
All the Judges concur.
[1] Ala. Code § 32-5A-194 (b)(3) (1975) states that if the amount of alcohol by weight in a person's blood is "0.10 percent or more" while that person is driving a vehicle, "it shall be presumed that the person was under the influence of alcohol."