Larry Joe Jordan was indicted and convicted of murder under §13A-6-2 of the Alabama Criminal Code. He was sentenced to a term of imprisonment of 40 years.
The evidence tended to show that on October 22, 1982, at 7:00 p.m., the appellant arrived at the home of Daniel Moro in an intoxicated condition. He consumed two beers there and then drove approximately two miles to a package store to purchase liquor, accompanied by Daniel Moro. In route to the store the appellant drove in a reckless manner, occasionally swerving completely into the oncoming lane of traffic on the two-lane road and also running off the road. While in route to the store he also forced two oncoming cars from the road by driving in the oncoming traffic lane. Upon purchasing a bottle of liquor, the appellant began driving back to Daniel Moro's home along the same route. He continued to drive in the same reckless manner and took a drink from the bottle of liquor which he had just purchased. At one point when appellant was driving in the wrong lane, Daniel Moro reached over and guided the vehicle back into the proper lane. Soon thereafter, at approximately 9:00 p.m., the appellant swerved sharply into the oncoming lane and struck an automobile driven by John Odum. John Odum died as a result of injuries sustained in the collision.
 I
Appellant contends that the trial court erred in allowing results of his blood test to be admitted into evidence because the test, showing blood alcohol of .14, he contends, did not reflect his true blood alcohol level at the time of the collision and had no probative value. He argues that the alcohol he had consumed a few minutes earlier had not yet entered his bloodstream at the time of the collision but that it had entered his bloodstream by the time the blood sample was taken two hours later.
In order to sustain a conviction of murder it is not necessary to prove that the defendant was highly intoxicated or blind drunk. Jolly v. State, 395 So.2d 1135 (Ala.Cr.App. 1981). For example, in Wright v. State, 41 Ala. App. 684, 149 So.2d 835
(1963), just before the fatal accident the defendant had consumed two cans of beer which were his third and fourth for the day. There was no evidence that he was legally intoxicated, but a conviction for murder was upheld.
In Berness v. State, 38 Ala. App. 1, 83 So.2d 607 (1953), affirmed, 263 Ala. 641, 83 So.2d 613 (1955), it was stated that, *Page 484 
 "It is well settled under our decisions that where the accused is himself the driver of an automobile and drives it in a manner greatly dangerous to the lives of others so as to evidence a depraved mind regardless of human life, he may be guilty of murder in the second degree if his anti-social acts result in death of another, and this though he had no preconceived purpose to deprive any particular human being of life. Under such circumstances his acts are unlawful and without legal excuse, and malice may be inferred therefrom. Reed v. State, 25 Ala. App. 18, 142 So. 441; Williams v. State, 30 Ala. App. 437, 7 So.2d 511; Hyde v. State, 230 Ala. 243, 160 So. 237."
In the present case had the appellant been completely sober, his actions before the collision would have evidenced a depraved mind functioning without regard for human life. The fact that a defendant had been drinking before an accident is just one further circumstance to prove that he possessed an extreme indifference for human life. Jolly, supra.
The trial court did not err in allowing evidence of the appellant's blood alcohol level to be introduced into evidence following a hearing on a motion to suppress. A proper foundation was laid for its introduction. "The determination of the relevancy of a particular item of evidence is left to the sound discretion of the trial judge and this court will not reverse unless that discretion has been grossly abused." Pace v. City ofMontgomery, 455 So.2d 180 (Ala.Cr.App. 1984), Hill v. State,366 So.2d 296 (Ala.Cr.App. 1978), Wicker v. State, 433 So.2d 1190
(Ala.Cr.App. 1983). We find no such abuse here. "The weight and probative value to be given the evidence, the credibility of witnesses, the resolution of conflicting testimony and the inferences to be drawn from the evidence, even when susceptible of more than one rational conclusion, are for the jury." Ward v.State, 356 So.2d 238 (Ala.Cr.App.), cert. denied, 356 So.2d 242
(Ala. 1978). The appellant presented an argument to the jury similar to that now presented on appeal. It was properly a jury question as to what weight should be afforded the results of the blood test. After considering all the evidence the jury determined that the appellant had engaged in conduct manifesting extreme indifference to human life, that this conduct caused the death of John Odum, and that appellant was guilty of murder in violation of § 13A-6-2, Code of Alabama 1975.
 II
The appellant next contends that the trial court committed reversible error by refusing to charge on reckless driving, §32-5A-190, driving under the influence, § 32-5A-191, and homicide by vehicle, § 32-5A-192, Code of Alabama 1975, as lesser offenses included in murder, § 13A-6-2, Code of Alabama 1975.
To be classified as a lesser included offense, an offense must meet the definitional requirements of § 13A-1-9, Code of Alabama 1975. The recent case of Whirley v. State, 481 So.2d 1151
(Ala.Cr.App. 1985), specifically addressed the issue of whether homicide by vehicle could be a lesser offense included in murder under § 13A-1-9. In deciding that it was not, this court noted that subsections (a)(1) and (4) of § 13A-1-9 were the only provisions that could arguably be applicable to the question. As to subsection (a)(1), this court, per Presiding Judge Bowen, noted:
 "Homicide by vehicle does not meet the requirements of subsection (a)(1) of § 13A-1-9, regarding what are included offenses because, in order to establish a prima facie case of homicide by vehicle, it must be proved that a death occurred as the proximate result of the defendant's being `engaged in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic. . . .' Ala. Code § 32-5A-192 (1975). In short, the use of a vehicle is a required element of proof for vehicular homicide, but not for murder under § 13A-6-2."
As to subsection (a)(4) this court noted:
 "[A]lthough homicide by vehicle requires a `lesser kind of culpability' than murder *Page 485 
under § 13A-6-2 (a)(2), it does not differ from the offense of murder only in that respect. See § 13A-1-9 (a)(4). [Emphasis added]. Paraphrasing our Supreme Court's observation that `universal malice' murder was not a lesser included offense of intentional murder, we conclude that homicide by vehicle `requires something more.' Washington v. State, 448 So.2d [404] at 408 [(Ala. 1984)]. The additional difference between the offense of murder . . . and the offense of homicide by vehicle . . . is the requirement of the latter crime that the `murder weapon' be a vehicle. `This additional difference . . . precludes the latter from being an included offense, since it can be established only by a showing of facts not required in order to be convicted of . . . murder under § 13A-6-2 (a)[2].' Washington, 448 So.2d at 408."
As established in Whirley, homicide by vehicle is not a lesser offense included in murder. Following this same line of reasoning, we likewise conclude that reckless driving and DUI are not lesser offenses included in murder.
Consequently, the trial court did not err when it refused to charge the jury on reckless driving, § 32-5A-190, DUI, §32-5A-191, and homicide by vehicle, § 32-5A-192, as lesser offenses included in murder, § 13A-6-2.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.