The appellant was indicted for the offense of murder, in violation of § 13A-6-2, Code of Alabama (1975). He was convicted of manslaughter and sentenced to ten years in the penitentiary.
While his case was pending on appeal with this court, the appellant filed a "Motion for Court of Criminal Appeals to Allow Remand to Circuit Court of Clark County for Resentence Pursuant to McCree v. State, [Ms. 87-353, September 16, 1988](Ala. 1988)." The appellant argues that because he was convicted of manslaughter involving the use of a rifle and was sentenced to 10 years, the maximum allowed for manslaughter, which the trial court indicated was mandatory under the enhancement statute, § 13A-5-6(a)(5), Code of Alabama (1975), he is due to be resentenced. According to § 13A-5-6(a)(5), Codeof Alabama (1975):
 "(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
". . . .
 "(5) For a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 10 years."
In McCree v. State, supra, the Alabama Supreme Court stated that determining this issue requires a two-step process.
 "First, implicit in the language of § 13A-5-6(a)(5) — 'a firearm or deadly weapon was used or attempted to be used in the commission of the felony — is the requirement that the underlying felony for which the defendant is convicted have, as one of its necessary elements, the element of intentional criminal conduct. Therefore, McCree's reckless or negligent conduct which resulted in manslaughter, while sufficient to supply the criminal scienter to support a conviction for a class C felony, does not require a finding that he intentionally used the firearm to commit the felony, and thus cannot support the application of § 13A-5-6(a)(5). In other words, reading § 13A-5-6 as a whole, we must construe subsection (a)(5) to mean that convictions for those underlying felonies that are committed without the intentional use of a deadly weapon do not fall within the category of convictions that invoke the enhancement provision of this statute.
 "Second, 'enhancement' as that word is used to describe the effect of § 13A-5-6(a)(5), necessarily means that in addition to the culpability of the offense for which the defendant has been convicted, the defendant's conduct is necessarily the result of a higher degree of culpability, because of the jury's finding that a 'firearm or deadly weapon was used or attempted to be used in the commission of the felony.' Indeed, the use of a deadly weapon to commit the underlying felony is the classic situation intended by the legislature to invoke the enhanced penalty.
 "Here, the jury returned a verdict of manslaughter. By virtue of that finding, that McCree recklessly caused the death of his friend, the jury eliminated the element of McCree's intentional use of a firearm as a means to take human life. The culpability of McCree for recklessness was established by the jury's verdict. Otherwise, the guilty verdict would have reflected a higher degree of unlawful homicide. . . . Therefore, the trial court was without authority to sentence McCree under an enhancement statute that, by its terms, is invoked by culpability higher than that for which McCree had been found guilty." (Footnotes omitted.) (Emphasis in original.)
The Court, in McCree, concluded that it need not decide "[w]hether every manslaughter conviction will require the same holding as here," but that under the facts of that case, the jury's verdict necessarily precluded any finding of the requisite intent to use the firearm in the commission of the felony. Under the facts of the present case, including the trial court's oral charge to the jury, it is clear that the jury found that the appellant acted recklessly in causing the victim's death. Therefore, the *Page 138 
appellant was improperly sentenced by the trial court.
We further find that the appellant sufficiently preserved this matter for our review. The following transpired after the jury returned its verdict:
 "[DEFENSE COUNSEL]: I request a sentence hearing and also apply for a probation hearing.
 "THE COURT: You request a sentence hearing and you're applying for probation; is that correct?
"[DEFENSE COUNSEL]: Yes, sir.
 "THE COURT: As far as the sentence hearing is concerned, this Court is going to deny that motion, in that, under the manslaughter conviction with a weapon, which the evidence clearly demonstrated in this case, although manslaughter is normally a one to ten year penitentiary punishment, where a deadly weapon is used in commission of a crime, it makes the enhancement statute come into play. Therefore, the minimum sentence, as well as the maximum sentence, in this case is ten years in the state penitentiary. Therefore, the Court having no alternative in sentencing other than the ten-year sentence, the sentence hearing will be denied.
 "Mr. Robinson, do you have anything you wish to say before sentence is pronounced against you?
 "[DEFENSE COUNSEL]: Your Honor, we're going to object to you sentencing under the enhancement statute on the grounds that it's unconstitutional, especially in these circumstances."
Following the holding in McCree, to allow the appellant to be sentenced under the trial court's belief that he had to impose a ten-year sentence, violates the appellant's rights to due process. Cf. Tice v. State, 475 So.2d 589, 590 (Ala.Cr.App. 1984), reversed, Ex parte Tice, 475 So.2d 590 (Ala. 1984). Thus, his objection that, under these circumstances, his sentence was unconstitutional is valid. Therefore, this cause is due to be remanded to the trial court for resentencing.
REMANDED WITH DIRECTIONS.
All Judges concur.